1  **COTCHETT, PITRE & McCARTHY, LLP**
   Justin T. Berger (SBN 250346)
2  jberger@cpmlegal.com
   San Francisco Airport Office Center
3  840 Malcolm Road
   Burlingame, CA 94010
4  Telephone: (650) 697-6000
   Facsimile: (650) 697-0577
5
   *Attorneys for Relator Thomas Turner*
6
   **MORGAN, LEWIS & BOCKIUS LLP**
7  Brian M. Jazaeri (SBN 221144)
   brian.jazaeri@morganlewis.com
8  300 South Grand Avenue
   Twenty-Second Floor
9  Los Angeles, CA  90071
   Telephone: (213) 612-2500
10 Facsimile: (213) 612-2501

11 *Attorneys for Defendants Dynamic Medical Systems,
   LLC and Joerns Healthcare, LLC*
12
   **BARNES & THORNBURG, LLP**
13 Eric J. Beste (SBN 226089)
   Eric.Beste@btlaw.com
14 655 West Broadway, Suite 900
   San Diego, CA 92101
15 Telephone: (619) 321-5015
   Facsimile: (310) 284-3894
16
   *Attorneys for Defendant Plum Healthcare Group LLC*
17

18
                    **UNITED STATES DISTRICT COURT**
19
                    **EASTERN DISTRICT OF CALIFORNIA**
20
                              **FRESNO DIVISION**
21

22 | UNITED STATES OF AMERICA AND | Case No. 1:17-CV-01757-LJO-SAB |
   | THE STATE OF CALIFORNIA *EX REL.* | |
23 | THOMAS TURNER, | **JOINT MOTION REQUESTING (1) BRIEFING SCHEDULE ON MOTIONS TO DISMISS AND (2) CONTINUANCE OF SCHEDULING CONFERENCE** |
   | Plaintiffs, | |
24 | | |
   | v. | |
25 | | Complaint Filed:  December 28, 2017 |
   | **DYNAMIC MEDICAL SYSTEMS, LLC,** | Trial Date:  Not Set |
26 | *et al.*, | Judge:  Lawrence J. O'Neill |
   | Defendants. | |
27

28
                                    JOINT MOTION REGARDING SCHEDULING
                                    1:17-CV-01757-LJO-SAB

Relator Thomas Turner ("Relator") and Defendants Dynamic Medical Systems, LLC, Joerns Healthcare, LLC, and Plum Healthcare Group LLC (collectively, "Defendants," and with Relator, the "Parties"), by and through their counsel, respectfully submit this Joint Motion requesting that the Court (1) set a briefing schedule for the anticipated motions to dismiss and (2) continue the Scheduling Conference to a date deemed appropriate by the Court.  The Parties[1] are in agreement that, in the interests of efficiency and judicial economy, this Court should set a coordinated briefing schedule and hearing date with respect to the motions to dismiss that Defendants intend to file.  It would likewise serve these same interests of efficiency and judicial economy for the Court to continue the Scheduling Conference currently set for December 17, 2019, during the pendency of the motions to dismiss.

In support of their joint motion, the Parties submit as follows:

1. On December 28, 2017, Relator filed a *qui tam* Complaint, *in camera* and under seal pursuant to 31 U.S.C. § 3730(b)(2), alleging eight causes of action under the federal and state False Claims Acts.  [Dkt. 1]  On March 20, 2018, Relator filed a First Amended Complaint, also *in camera* and under seal, alleging the same causes of action and adding an additional defendant.  [Dkt. 7]

2. On September 4, 2019, the United States and the State of California notified the Court of their intention not to intervene in the action at this time.  [Dkt. 16]  On September 16, 2019, the Court entered an order that the Complaint and First Amended Complaint be unsealed and served upon the defendants.  [Dkt. 18]

3. On October 9, 2019, Magistrate Judge Boone issued an Order directing Relator to diligently pursue service of the summons and complaint, setting a mandatory Scheduling Conference, and instructing all defendants that had been served to meet and confer with Relator about the scope of the litigation and the case schedule, among other things.  [Dkt. 21]  In particular, the Order set a mandatory Scheduling Conference for December 17, 2019, and required the Parties

---

[1] Defendants Mariner Health Care Management Company, Covenant Care California, LLC, and Cambridge Healthcare Services have been served, but counsel has not yet entered an appearance. Rather, Hooper, Lundy and Bookman, P.C. has entered a special appearance to file a Stipulation for Extension of Time. [Dkt. 30] Defendant Invacare Corporation has not yet been served.

to confer no later than November 27, 2019, and to produce and file a Joint Scheduling Report no later than December 10, 2019. *Id.*

4. The dates upon which each defendant is required to respond to the First Amended Complaint vary, depending upon the date of service or waiver of service. However, each Defendant intends to file a motion to dismiss the First Amended Complaint, which likely will raise similar and overlapping issues. A uniform briefing schedule for the anticipated motions to dismiss will promote judicial economy by allowing for the possibility of joint briefing as to certain issues and a single hearing date.

5. Notwithstanding the agreement of the Parties on these scheduling issues, the Parties disagree as to whether discovery should be stayed pending decision on the forthcoming dispositive motions. Defendants anticipate filing a motion to stay discovery early next week.

\* \* \*

Accordingly, to advance the interests of judicial economy and avoid a waste of Court and party resources – as well as to accommodate schedules over the upcoming holiday season – the Parties respectfully request that this Court set the following briefing schedule:

    a. Motions to dismiss to be filed no later than January 8, 2020;

    b. Responses to be filed no later than January 22, 2020;

    c. Any replies to be filed no later than January 29, 2020; and

    d. A hearing on any motions to dismiss be held on February 5, 2020, or as soon thereafter as convenient for the Court.

6. In addition, Defendants respectfully request that the Court re-set the Scheduling Conference.

7. Defendants believe that the Scheduling Conference should be continued until the pleadings have been settled, as contemplated by the Court's Scheduling Order, which recognizes that the circumstances of the case may require adjustment of these deadlines:

> [T]he Court is aware that in some situations the case is not procedurally in the posture for the Scheduling Conference to be held on the date initially set. Such situations include, but are not limited to, those in which all defendants have not yet been served or have not filed an answer to the complaint, the defendant has defaulted, or

where there is a pending motion to dismiss. If the circumstances in this action are such that it would serve the purpose of conserving the resources of the parties and the court to continue the Scheduling Conference, it is the parties' responsibility to so inform the Court prior to the date on which the Joint Scheduling Report is due.

*Id.* at 7.

8. Defendants assert that two of the circumstances contemplated by the Scheduling Order are present here: not all defendants have been served, and Defendants who have been served and have appeared intend to file motions to dismiss. Moreover, counsel for three defendants have not yet entered a general appearance, but instead have only specially appeared in order to enter into a stipulation extending time. Accordingly, Defendants believe that all of these circumstances support a continuance of the Scheduling Conference date, thereby conserving the resources of the Court and the parties and greatly increasing the utility and accuracy of the Joint Scheduling Report.

9. Relator does not oppose Defendants' request to the Scheduling Conference, but requests that the Court order the Parties to complete their Rule 26(f) conference by the end of 2019. Relator's position is that because this case was filed in December 2017, delay of the Rule 26(f) conference is unwarranted, and will only cause evidence to grow more stale, and memories to fade.

Respectfully submitted,

Dated: November 22, 2019   COTCHETT, PITRE & McCARTHY, LLP

*s/ Justin T. Berger*
JUSTIN T. BERGER

*Attorneys for Relator Thomas Turner*

Dated: November 22, 2019   MORGAN, LEWIS & BOCKIUS LLP

*s/ Brian M. Jazaeri*
Brian M. Jazaeri

*Attorneys for Defendants Dynamic Medical Systems, LLC and Joerns Healthcare, LLC*

Dated: November 22, 2019   BARNES & THORNBURG, LLP

*s/ Eric J. Beste*
Eric J. Beste

*Attorneys for Defendant Plum Healthcare Group LLC*