**BARNES & THORNBURG LLP**
Eric J. Beste (CSBN 226089)
Eric.Beste@btlaw.com
655 West Broadway, Suite 900
San Diego, California 92101
Telephone: (619) 321-5015
Facsimile: (310) 284-3894

Attorneys for Defendant
PLUM HEALTHCARE GROUP LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA (FRESNO DIVISION)

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA *ex rel.* THOMAS TURNER,<br><br>Plaintiffs,<br><br>v.<br><br>DYNAMIC MEDICAL SYSTEMS, LLC, *et al.*,<br><br>Defendants. | Case No. 1:17-CV-01757-LJO-SAB<br><br>**DEFENDANT PLUM HEALTHCARE GROUP LLC'S MOTION TO JOIN MOTION TO DISMISS FILED BY DEFENDANTS DYNAMIC MEDICAL SYSTEMS, LLC, AND JOERNS HEALTHCARE, LLC [ECF 60]**<br><br>Date:   March 18, 2020<br>Time:   8:30 AM<br>Ctrm:   4 (7th Floor)<br>Judge:  Lawrence J. O'Neill |

NOW COMES Defendant, Plum Healthcare Group, LLC ("Plum"), by and through its counsel, Eric J. Beste of Barnes & Thornburg LLP, and respectfully moves to adopt and join Co-Defendants Dynamic Medical Systems, LLC's ("DMS") and Joerns Healthcare, LLC's ("Joerns") Motion to Dismiss Relator's First Amended Complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. In support thereof, Defendant states as follows:

On December 28, 2017, Relator filed an original sealed complaint against DMS and Joerns and against several skilled nursing facilities ("SNF") with which they dealt, as well as affiliated companies (hereinafter collectively referred to as

"Defendants"). On March 20, 2018, Relator filed an amended complaint ("Complaint") against Defendants. [ECF 6.] Relator's Complaint alleges that Defendants violated the federal False Claims Act, 31 U.S.C. § 3729 *et seq.*, and the California False Claims Act, Cal. Gov. Code § 12651, based on what he sees as "differential billing practices" and "swapping" schemes executed by Defendants.

On January 29, 2020, DMS and Joerns filed a Motion to Dismiss Relator's Complaint ("MTD"), along with a Memorandum in Support. [ECF 60-61.] Although DMS, Joerns, and Plum acted in different capacities in connection with the provision, billing, and payment of mattresses, the MTD raises several arguments that apply equally to all Defendants. First, the MTD explains how the Complaint fails to plead fraud with particularity under Fed. R. Civ. P. 9(b). Second, the MTD points out that the Complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), and cannot survive the public disclosure bar of the California False Claims Act.

Because the Complaint makes the same claims against all Defendants, the MTD includes some of the same arguments that Plum will make in its own Motion to Dismiss. For example, Plum points out that Relator simply makes conclusory assertions and does not allege a single false claim or false statement to Medicare or Medi-Cal. Plum further argues that Relator did not include a "who," "what," or "where" with respect to the alleged fraud scheme. Each of these arguments is expanded upon in the MTD.

Similarly, DMS will argue that the Complaint fails to state a claim under Rule 12(b)(6) because Relator failed to plead the element of materiality, and that Relator's claims are barred under the Public Disclosure Bar. These arguments apply equally with respect to Relator's claims against Plum. Rather than duplicate all of the cogent and persuasive arguments raised in the MTD, Plum requests leave to incorporate all of DMS's arguments to the extent they apply to Plum.

//

WHEREFORE, Plum respectfully requests that the Court enter an Order granting Plum leave to adopt and join DMS's Motion to Dismiss, and to incorporate the points and authorities articulated in its Memorandum in Support.

Dated: January 29, 2020

Respectfully submitted,
BARNES & THORNBURG LLP

By: *s/ Eric J. Beste*
Eric J. Beste
Attorney for Defendant
PLUM HEALTHCARE GROUP LLC