Mark Hardiman (SBN 136602)
Katherine A. Bowles (SBN 287426)
**NELSON HARDIMAN LLP**
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024
Telephone: (310) 203-2800
Facsimile: (310) 203-2727
Email: mhardiman@nelsonhardiman.com
kbowles@nelsonhardiman.com

Attorneys for Defendant
Cambridge Healthcare Services

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO COURTHOUSE

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF CALIFORNIA, ex rel. THOMAS TURNER,<br><br>Plaintiffs,<br><br>v.<br><br>DYNAMIC MEDICAL SYSTEMS LLC; JOERNS HEALTHCARE LLC; COVENANT CARE CALIFORNIA LLC; MARINER HEALTH CARE MANAGEMENT COMPANY; PLUM HEALTHCARE GROUP LLC; and CAMBRIDGE HEALTHCARE SERVICES,<br><br>Defendants. | CASE NO.: 1:17–CV–01757–NONE–SAB<br><br>**DEFENDANT CAMBRIDGE HEALTHCARE SERVICES' REPLY TO RELATOR'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT AND ITS JOINDER IN CO-DEFENDANTS' ARGUMENTS IN SUPPORT OF COMPANION MOTIONS TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Action Filed: February 21, 2018<br>Trial Date: None Set |

Defendant Cambridge Healthcare Services, by and through its attorneys of record, hereby files its reply to Relator Thomas Turner's ("Relator") opposition to its motion to dismissing the First Amended Complaint ("FAC") alleging violations of the federal False Claims Act, 31 U.S.C. §§ 3729-3733 ("FCA"), and the California False Claims Act, Cal. Gov't Code §§ 12650-12656 ("CA-FCA"), for failure to state a claim and to allege fraud with sufficient particularity pursuant to Federal Rules of

Civil Procedure 12(b)(6) and 9(b), and its joinder in the arguments of co-defendants Dynamic Medical Systems LLC ("Dynamic"), Joerns Healthcare LLC, Covenant Care California LLC, Mariner Health Care Management Company and Plum Healthcare Group LLC in support of their motions to dismiss the FAC for failure to state a claim.

This reply and joinder are based on the accompanying memorandum of points and authorities, the files and records in this case, upon such matters as the Court may take judicial notice, and on such further evidence and argument as may be presented at any hearing of this motion.

Dated: April 8, 2020

Respectfully submitted,

NELSON HARDIMAN LLP

By: */s/ M.S. Hardiman*
    Mark S. Hardiman

Attorneys for Defendant
Cambridge Healthcare Services

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14th Floor
LOS ANGELES, CALIFORNIA 90024

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Contrary to Relator's opposition, the FAC does not come close to stating a valid claim under the FCA or CA-FCA against CHS based on its alleged "discriminatory billing arrangements" with Dynamic Medical Systems LLC's ("Dynamic"), a contracted supplier of mattress rentals.

First, under Rule 12(b)(6), the FAC is missing factual allegations regarding illegal remuneration and scienter necessary to establish CHS's FCA or CA-FCA liability based on its alleged violations of the federal Anti-Kickback Statute, 42 U.S.C. § 1320a-7b ("AKS") and is also missing factual allegations establishing discriminatory billing of Medi-Cal services necessary to create such liability based on Dynamic's alleged violations of the Medi-Cal Anti-Discriminatory Billing Rule, Title 22, California Code of Regulations ("CCR") §§ 51480(a), 51501. Second, under Rule 9(b), the FAC contains zero allegations describing the factual basis for the fraud claims against CHS with the required particularity. It is beyond cavil that a single sentence in a complaint alleging in conclusory fashion that CHS "manages 37 SNFs [in Northern and Southern California] and entered into discriminatory billing agreements with Dynamic" does not satisfy Rule 9(b)'s "who, what, when, where and how" pleading requirement for fraud claims.

As such, Relator's proverbial "shot in the dark" complaint against CHS should be dismissed with prejudice for failure to an FCA or CA-FCA claim pursuant to Rules 12(b)(6) and 9(b).

## II. THE FAC FAILS TO ALLEGE THE ESSENTIAL ELEMENTS OF AN AKS VIOLATION SUPPORTING FCA AND CA-FCA LIABILITY

Relator does not dispute that his FAC needs to allege the essential elements of any AKS violation supporting FCA or CA-FCA liability. However, his claim of illegal remuneration is based solely on generic allegations that Dynamic's daily mattress rental charge to SNFs of three to six dollars for SNF "facility segment"

1

NELSON HARDIMAN LLP
1100 Glendon Avenue, 14th Floor
LOS ANGELES, CALIFORNIA 90024

1 patients was considerably lower than its $23 charge to the Medi-Cal "share of cost
2 segment" ("SOC") patients, thereby increasing the share of the monthly capitation
3 amount paid to the SNFs by the Medi-Cal program versus the patients.  Absent any
4 factual allegations that Dynamic's contracted "facility segment" charges to SNFs
5 were below fair market value (thereby arguably supporting an inference of an intent
6 to induce referrals), the FAC contains no facts indicating that the SNFs received
7 illegal remuneration instead of paying a fair price for the necessary rental mattresses
8 that they were required to provide.  In particular, the allegation that Dynamic
9 overbilled Medi-Cal SOC patients does not logically indicate that its lower fees for
10 the "facility segment patients" were   kickbacks and creates no plausible AKS
11 liability for the SNFs when they allegedly received the same monthly Medi-Cal
12 capitation fee (i.e., no financial benefit) regardless of the share paid by the Medi-Cal
13 program versus the patient.

14 While Relator is correct that FCA scienter need only be generally alleged in
15 most cases, he ignores the fact that the FAC does not even generally allege that CHS
16 "knowingly and willfully" violated the AKS, an essential element of this criminal
17 offense.  This deficiency is fatal because the FCA's "knowing" scienter requirement
18 (encompassing reckless disregard) is significantly different and cannot substitute for
19 at least pleading the criminal "willfulness" required for an AKS violation. Although
20 Relator quibbles that the AKS scienter element is met if he shows that Dynamic
21 provided remuneration to CHS with the intent to reduce referrals, this is just another
22 way of saying that he must allege that CHS knew this remuneration was illegal
23 because it was in exchange for patient referrals, rather than legitimate compensation
24 for Dynamic's mattress rental services. *See Hanlester Network v. Shalala*, 551 F.3d
25 1390, 1400 (9th Cir. 1995) (under AKS's "willfulness" scienter requirement, a
26 defendant must "engage in prohibited conduct with the specific intent to disobey the
27
28

law");[1] *U.S. v. Starks*, 157 F.3d 833, 837-838 (11th Cir. 1998) (under the AKS, approving jury instruction that "willfully" means "the act was committed voluntarily and purposely, with the specific intent to do something the law forbids, that is with a bad purpose, either to disobey or disregard the law.")

Regardless, the FAC's failure to allege that CHS "knowingly and willfully" violated the AKS or to include any factual allegations establishing that CHS's payments to Dynamic were anything other than fair market for the mattress rentals requires his FCA and CA-FCA claims predicated on AKS violations to be dismissed. Enforcing this basic pleading requirement is especially appropriate when Relator's allegation that CHS "contacted Dynamic and Joerns in 2017 requesting that their SOC rates be set so that they were equal to their facility rates," FAC, ¶ 52, flatly contradicts CHS's willful involvement or ratification of the alleged illegal scheme.

## III. THE FAC FAILS TO ALLEGE A MEDI-CAL DISCRIMINATORY BILLING ARRANGEMENT SUPPORTING FCA AND CA-FCA LIABILITY

Relying on *In re Legacy Post-Acute Rehab*, an administrative decision by the California Department of Health Care Services' (DHCS) Office of Administrative Hearings and Appeals, Relator contends that the Medi-Cal Discriminatory Billing Rule was violated by Dynamic's charging of a higher mattress rental for SOC patients than for facility segment patients. However, this administrative decision is not only of no precedential value, but appears to fly in the face of the language of the Rule – as set forth in 22 C.C.R. §§ 51480(a) and § 51501(a) – which is expressly limited to **bills** or **charges** to Medi-Cal that are higher than those charged to the

---

[1] Contrary to Relator's opposition, the 2010 AKS amendment only abrogated the *Hanlester* court's additional ruling that a defendant must also "know that [the AKS] prohibits offering or paying remuneration to induce referrals." *Hanlester*, 551 F.3d at 1400; *see* 42 U.S.C. § 1320(a)-7b(h) ("With respect to violations of [the AKS], a person need not have actual knowledge of this section or specific intent to commit a violation of this section.")

public or others for "comparable services . . . under comparable circumstances." 22 C.C.R. § 51501(a).

With the possible exception of Dynamic's alleged rare billing of wound care mattress rentals to Medi-Cal at a rate higher than allegedly charged for "facility segment" patients, Relator's opposition fails to explain how Dynamic's alleged rental rates to Medi-Cal "SOC" patients for services that were **not** covered by the Medi-Cal program can constitute a CHS "bill" or "charge" to the Medi-Cal program for covered services within the meaning of the Rule. The fact that the Medi-Cal program requires SNFs to deduct amounts spent by a Medi-Cal beneficiary on non-covered necessary services from the patient's SOC does not magically or obviously covert the SNFs' accurate reports of these deductions into SNF bills or charges to the Medi-Cal program for covered services that are subject to the Rule.

Simply alleging that Dynamic charged Medi-Cal for covered wound care mattresses at a rate higher than that it charged for "facility segment" patients for mattresses not covered by Medi-Cal also fails to cross the Rule 12(b)(6) finish line. Because the FAC contains no allegations establishing that Dynamic's lower rental rates for the allegedly largest "facility segment" of patients was its "usual charge to the public" or that such rentals were comparable to the covered rentals provided to Medi-Cal wound care patients, Relator has failed to establish a violation of the Medi-Cal Discriminatory Billing Rule.

Consequently, Relator's FCA and CA-FCA claims predicated on CHS's violations of the Medi-Cal Discriminatory Rule also fail to state a claim and should be dismissed.

**IV. THE FAC FAILS TO PLAUSIBLY ALLEGE ANY FALSE CLAIMS**

In his opposition, Relator characterizes the FAC's failure to describe any Medi-Cal false claims (which his opposition now concedes are the only ones at issue) as a Rule 9(b) issue. While Rule 9(b) is certainly not satisfied, the FAC also violates Rule 8 because it does not plausibly allege that CHS submitted any false

4

Medi-Cal claims resulting from alleged violations of the AKS or the Medi-Cal Discriminatory Billing Rule.

Although Relator's opposition now hints that CHS's Medi-Cal reports of the required deductions to Medi-Cal patients' SOC for amounts they paid for non-covered necessary services were somehow false or that the SNFs' cost reports may have somehow been false claims, the FAC contains no factual allegations corroborating these theories and otherwise fails to show how that any false Medi-Cal claims were actually submitted by CHS. On the contrary, absent any allegation that the Medi-Cal patients did not pay their share of costs, the FAC simply indicates that the SNFs accurately reported the required deduction from the patients' SOC to Medi-Cal and that CHS was paid the same monthly capitation amount even if the Medi-Cal program's share of the amount was higher than the patients' share of cost.

As previously explained, these allegations are patently insufficient to plausibly establish that CHS submitted false Medi-Cal claims resulting from violations of the AKS or the Medi-Cal Discriminatory Billing Rule when the total amount of fixed reimbursement CHS allegedly received for treating a Medi-Cal patient did not vary based on the patient's SOC and CHS did not refer Medi-Cal SOC patients to Dynamic for mattress rentals reimbursed by Medi-Cal with the exception of an allegedly small category of patients requiring wound care. Without any factual explanation of how and why any identifiable false CHS claims "resulted" from the alleged AKS and Rule violations, Relator's FCA and CA-FCA claims must be dismissed for failure to state a claim.

## V. THE FAC DOES SATISFY THE FCA AND CA-FCA'S DEMANDING MATERIALITY REQUIREMENT

Relator cites no authority for his startling proposition that *Universal Health Services v. U.S. ex rel. Escobar*, 136 S. Ct. 1989 (2016) application of a "demanding" materiality standard was limited to false certification claims because there is none.

Instead, the Supreme Court made clear that under the FCA's general materiality requirement, a defendant's "misrepresentation must be material to the other party's course of action" and "statutory, regulatory, and contractual requirements are not automatically material, even if they are labeled conditions of payment." *Id*. at 2001; *see U.S. ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1174 (9th Cir. 2006) (An FCA claim has four elements: "(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due.")

In this case, the FAC alleges no facts establishing that CHS's alleged violations of the AKS and the Medi-Cal Discriminatory Billing Rule caused or would have caused the program to not pay the SNF's claims for Medi-Cal services. See *U.S. ex rel. Mei Ling v. City of Los Angeles*, 2018 WL 3814498, at *16 (C.D. Cal. July 25, 2018) (under *Escobar*, relator must allege facts indicating "either that the government would not have paid the claims at issue if it had known of the alleged noncompliance or that it has not paid claims in similar cases of noncompliance.") While Relator now points to *Physicians & Surgeons*, 6 Cal. App. 4th 968 (1992) as supposed proof of materiality, the short answer to that argument is that this case did not involve Medi-Cal's application of the Rule to higher charges paid by a Medi-Cal SOC patient for non-covered services and, in any event, the FCA requires the materiality of CHS's alleged misrepresentations to be factually alleged in the FAC. Since the FAC fails to do so, Relator's FCA and CA-FCA claims must be dismissed for failure to allege materiality, an essential element necessary to establish FCA or CA-FCA liability.

## VI. THE FAC DOES NOT SATISFY RULE 9(B)

Even if plausible FCA and CA-FCA claims had been alleged, Relator's FAC is still subject to dismissal under Rule 9(b) because it fails to describe CHS's alleged FCA and CA-FCA violations with factual particularity. Indeed, the FAC contains no facts at all establishing CHS's knowing involvement in any fraud scheme or

conspiracy.

Relator's contrary argument ignores Rule 9(b)'s requirement of **factual** particularity. In Relator's mistaken view, his allegations that CHS SNFs and Dynamic ("Who") violated the FCA by entered into illegal discriminatory billing and kickback arrangements ("What") sometime between 2006 and the present ("When") in California ("Where") by submitting SOC letters to Medi-Cal ("How") satisfies Rule 9(b). Not so. These conclusory allegations are entirely devoid of the factual details necessary to reasonably inform CHS of the factual basis for Relator's fraud claims against the company.

Specifically, the FAC fails to identify (1) which CHS SNFs had an illegal arrangement with Dynamic and when such arrangements were in effect between 2006 and the present, (2) any CHS agreement with Dynamic that included Dynamic's allegedly discriminatory rental charges, (3) any CHS owner, officer or agent that had knowledge or any other involvement in the allegedly illegal arrangements with the SNFs, (4) any CHS SNF Medi-Cal SOC patient that was actually charged Dynamic's billing rate for mattress rentals not covered by Medi-Cal, and (5) any CHS Medi-Cal claim or SOC statement involving Dynamic's allegedly excessive charges to a Medi-Cal SOC patient. Given this factual void, the FAC's allegation of a Dynamic discriminatory billing scheme involving SNFs in general does not cure Relator's failure to allege any facts connecting and establishing CHS's knowing involvement in that scheme.

Relator's reliance on *U.S. ex rel. Swoben v. United Healthcare Insurance Company*, 848 F.3d 1161 (9th Cir. 2016) is particularly inapposite because the Ninth Circuit ruled in that case that Rule 9(b) is **not** satisfied by only providing a defendant with the notice of the nature of the FCA claims without any supporting factual allegations:

> [Relator's] allegations may be sufficient to 'give defendants notice of the particular misconduct which is alleged to constitute the fraud

7
DEFENDANT CAMBRIDGE HEALTHCARE SERVICES' REPLY
IN SUPPORT OF MOTION TO DISMISS FAC

charged so that they can defend against the charge,' but they are insufficient to show the allegations against these defendants have a 'factual basis.' The allegations describe some details of a generalized scheme, but they provide no details linking these defendants to the scheme. Such allegations are insufficient under Rule 9(b).

*Id*. at 1182 (quoting *Bly–Magee v. California*, 236 F.3d 1014, 1018-1019 (9th Cir. 2001) (internal citation omitted)); *see also U.S. ex rel. Shapiro v. Fairfax Discount Pharmacy*, 2018 WL 6185956, at *3 (C.D. Cal. March 7, 2018) (under Rule 9(b), dismissing FCA complaint that lumped multiple defendants together and failed to inform each defendant separately of the allegations surrounding his alleged participation in the fraud).

So here, for the same reason, the FAC must be dismissed pursuant to Rule 9(b) because it wholly fails to allege the factual basis for Relator's FCA and CA-FCA claims against CHS. While collective allegations against defendants can be permissible, they do not excuse Relator's complete "failure to allege particular details of the scheme as applied to [CHS]." *Swoben*, 848 F.2d at 1184.

**VII. JOINDER IN CO-DEFENDANTS' MOTIONS TO DISMISS**

In the interest of brevity and unnecessary duplication, CHS also joins the other arguments made by co-defendants' motions to dismiss the FAC, including dismissal based on the FCA and CA-FCA's public disclosure bars.

//
//
//
//
//
//
//

DEFENDANT CAMBRIDGE HEALTHCARE SERVICES' REPLY
IN SUPPORT OF MOTION TO DISMISS FAC

## VIII. CONCLUSION

For the foregoing reasons, Relator's FAC should be dismissed pursuant to Rules 12(b)(6) and 9(b) for failure to state a valid FCA or CA-FCA claim.

Dated: April 8, 2020

Respectfully submitted,

NELSON HARDIMAN LLP

By: */s/ M.S. Hardiman*
    Mark S. Hardiman

Attorneys for Defendant
Cambridge Healthcare Services