1  **XAVIER BECERRA**
   Attorney General of California
2  **LANCE WINTERS**
   Chief Assistant Attorney General
3  **SARALYN M. ANG-OLSON**
   Senior Assistant Attorney General
4  **VINCENT DICARLO**
   Supervising Deputy Attorney General
5  **JENNIFER S. GREGORY**, State Bar No. 228593
   Deputy Attorney General
6    2329 Gateway Oaks Drive, Suite 200
     Sacramento, CA 95833
7    Telephone:  (916) 621-1823
     Fax:  (916) 274-2929
8    E-mail:  Jennifer.Gregory@doj.ca.gov

9  *Attorneys for Plaintiff State of California*

10

11                 IN THE UNITED STATES DISTRICT COURT

12             FOR THE EASTERN DISTRICT OF CALIFORNIA

13

14

| | |
|---|---|
| 15 **THE UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA, ex rel. THOMAS TURNER,** | 1:17 CV 01757 LJO SAB |
| 16 | **THE STATE OF CALIFORNIA'S NOTICE OPPOSING DISMISSAL ON THE BASIS OF THE PUBLIC DISCLOSURE BAR** |
| 17 Plaintiffs, | |
| 18 v. | |
| 19 **DYNAMIC MEDICAL SYSTEMS LLC; JOERNS HEALTHCARE LLC; COVENANT CARE CALIFORNIA LLC; MARINER HEALTH CARE MANAGEMENT COMPANY; PLUM HEALTHCARE GROUP LLC; and CAMBRIDGE HEALTHCARE SERVICES,** | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 Defendants. | |

25      The State of California ("State"), by and through its counsel, Xavier Becerra, Attorney

26  General, and Jennifer S. Gregory, Deputy Attorney General, hereby notifies the Court that the

27  State is exercising its right to object to dismissal of the above-captioned action on the basis of the

28

1  California False Claims Act's public disclosure bar, codified at California Government Code

2  section 12652, subdivision (d)(3).

3  Relator Thomas Turner ("Relator") filed his initial Complaint under seal on December 28,

4  2017, and filed a First Amended Complaint ("FAC") on March 20, 2018, alleging a "classic

5  'swapping' scheme" in which Defendants Dynamic Medical Systems LLC ("Dynamic") and

6  Joerns Healthcare LLC's kickbacks took the form of deep discounts to certain patient

7  populations, and Dynamic used these discounts to induce skilled nursing facilities to refer them

8  higher paying business, padding the profits of skilled nursing facility chains, including

9  Defendants Covenant Care California, LLC, Plum Healthcare Group LLC, and Cambridge Health

10  Services. Relator allege Defendants' practices violated the Anti-Kickback statute (42 U.S.C. §

11  1320a-7b) and Medi-Cal's low price rules, which resulted in violations of both the Federal False

12  Claims Act (31 U.S.C. § 3729-3733) and the California False Claims Act ("CFCA") (Cal. Gov't

13  Code § 12650, *et seq.*). See ECF 7, ¶¶2-4, 31-54.

14  On January 29, 2020, Defendants all moved to dismiss the FAC. [ECF 59, 60, 64, 65, 67.]

15  Among other reasons, Defendants argue that the CFCA Claims are impermissibly based on public

16  disclosures[1], and that the FAC should be dismissed pursuant to the CFCA's public disclosure bar,

17  which requires that the court "dismiss an action or claim under this section, *unless opposed by the*

18  *Attorney General* or prosecuting authority of a political subdivision, if substantially the same

19  allegations or transactions as alleged in the action or claim were publicly disclosed…" Emphasis

20  added; Cal. Gov't Code § 12652(d)(3). See ECF 59-1, 23:20-24:3; ECF 61, 20:6-25:16; ECF 65,

21  2:22-27; ECF 67, 6:21-7:24; ECF 84, 8:19-21.) The State opposes any such dismissal.

22  The CFCA grants the State "the right to *block* a defendant's attempt to have a meritorious

23  case dismissed on public disclosure grounds," and "…once the government objects [to dismissal

24  on a public disclosure ground], the court does not even address the issue" (emphasis in original).

25  *U.S. ex rel. Conroy v. Select Medical Corp.* ("*Select Medical*") (S.D. 2017) 2017 WL 468276, at

26  ─────────────────────
[1] Defendant Cambridge Healthcare Services did not argue application of the public disclosure bar
in its initial filing, but in its reply, it states that it "joins" in the other Defendants' public

27  disclosure arguments. See ECF 84, 8:19-21.

28

**THE STATE OF CALIFORNIA'S NOTICE OPPOSING DISMISSAL**
**ON THE BASIS OF THE PUBLIC DISCLOSURE BAR**

1  \*4; see also *U.S. ex rel. Scutellaro v. Capital Supply, Inc. (*D.D.C. 2017) 2017 WL 1422364 at

2  \*18 (stating unequivocally that "the 2010 amendment to the FCA affords the government the

3  ability to block dismissal on public disclosure bar grounds") and *United States ex rel. Szymoniak*

4  *v. Am. Home Mortg. Servicing, Inc.* (D.S.C. 2014) 2014 WL 1910845 at \*1. [2] Indeed, "the court

5  has no authority to dismiss a *qui tam* action on the basis of prior public disclosure . . . when the

6  government asserts its opposition to dismissal." *Select Medical*, *supra* (construing analogous

7  provision of the federal False Claims Act); see also *United States v. Prime Healthcare Services,*

8  *Inc.* (C.D.Cal. 2014) WL 12480026, at \*2 ("[D]ismissal [of the federal FCA claim] on [public

9  disclosure grounds] is precluded in the face of the Government's opposition to the motion.");

10  *United States ex rel. Baker v. Community Health Systems, Inc.*, 2014 WL 10212574, at \*25

11  (D.N.M. 2014) ("[T]he Government's opposition precludes application of the public disclosure

12  bar").

13   Accordingly, Defendants' motions to dismiss should be denied to the extent they are based

14  on the public disclosure bar.

15   The State takes no position on any of the other issues raised in Defendants' motions to

16  dismiss.

17  Dated:  May 28, 2020      Respectfully submitted,

18                 XAVIER BECERRA
               Attorney General of California

19

20                 /s/ *Jennifer S. Gregory*

21                 JENNIFER S. GREGORY
               Deputy Attorney General

22                 *Attorneys for Plaintiff State of California*

23  [2] The CFCA follows the federal False Claims Act in permitting the State to oppose and block
dismissal on public disclosure grounds. (Compare Cal. Gov't Code § 12652(d)(3)(A), "(3) (A)

24  The court shall dismiss an action or claim under this section, *unless opposed by the Attorney
General* or prosecuting authority of a political subdivision, if substantially the same allegations or

25  transactions as alleged in the action or claim were publicly disclosed…" (emphasis added) to 31
U.S.C. § 3730(4)(A), "[t]he court shall dismiss an action or claim under this section, *unless*

26  *opposed by the Government*" (emphasis added). Because the CFCA was patterned after, and so
closely resembles its federal counterpart, federal decisions are persuasive authority in interpreting

27  the California statute. *Rothschild v. Tyco Int'l, Inc.* (2000) 83 Cal.App.4th 488, 494; *Laraway v.
Sutro & Co., Inc.* (2002) 96 Cal.App.4th 266, 274–75.

28

**THE STATE OF CALIFORNIA'S NOTICE OPPOSING DISMISSAL
ON THE BASIS OF THE PUBLIC DISCLOSURE BAR**