JUSTIN T. BERGER (SBN 250346)
jberger@cpmlegal.com
SARVENAZ "NAZY" J. FAHIMI (SBN 226148)
sfahimi@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Attorneys for Relator*

# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA AND THE STATE OF CALIFORNIA** *ex rel.* **THOMAS TURNER,**<br><br>Plaintiffs,<br><br>v.<br><br>**DYNAMIC MEDICAL SYSTEMS LLC,; JOERNS HEALTHCARE LLC.; COVENANT CARE CALIFORNIA LLC; MARINER HEALTH CARE MANAGEMENT COMPANY; PLUM HEALTHCARE GROUP LLC; and CAMBRIDGE HEALTHCARE SERVICES,**<br><br>Defendants. | CASE NO. 1:17-cv-01757-NONE-SAB<br><br>**RELATOR'S OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY AND CONTINUE SCHEDULING CONFERENCE**<br><br>Date:      June 9, 2020<br>Time:     10:30 a.m.<br>Ctrm.:     9<br>Magistrate Judge:  Stanley A. Boone |

Pursuant to the Court's May 21, 2020 Order (ECF No. 85), Relator hereby opposes Defendants' motion to stay discovery and continue the scheduling conference currently scheduled for June 9, 2020. (ECF No. 84.)

Defendants seek to stay the Scheduling Conference and/or discovery on the basis that their Motions to Dismiss are pending. Relator opposes the request for five reasons:

1. The State of California's Notice Opposing Dismissal on the Basis of the Public Disclosure Bar (ECF No. 86), renders one of Defendants' primary arguments on their Motions to Dismiss absolutely moot. *See U.S. ex rel. Conroy v. Select Medical Corp.* ("*Select Medical*") (S.D. 2017) 2017 WL 468276, at *4. There is no reason to delay discovery based on the fragments of Defendants' Motions to Dismiss that remain at issue.

2. Defendants have already sought and received two prior extensions of the briefing schedule and Scheduling Conference. (ECF Nos. 45 & 53.) Those extensions were <u>on top of</u> 28-day extensions allowed by local rule without approval of the Court. (ECF Nos. 30 & 31.) The Scheduling Conference was initially set in this case for <u>December 17, 2019</u>. (ECF No. 21.) Had Defendants filed their Motions to Dismiss per the FRCP, briefing would have been completed at the beginning of the year. Accordingly, the fact that the Motions to Dismiss are still pending is largely due to Defendants taking far more time than allotted under the FRCP and Local Rules to file and fully brief their Motions. Though Relator stipulated to those extensions, Relator also requested that the Parties proceed with the Rule 26(f) conference by the end of 2019 so that discovery could commence promptly; a request that was rejected. (ECF No. 44, ¶ 9.)

3. This case was filed in December 2017 (and remained under seal pending the government's investigation until September 16, 2019 [ECF No. 18]). Further delay in commencing discovery will only cause memories to fade further, and evidence to grow more stale.

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

RELATOR'S OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY AND CONTINUE SCHEDULING CONFERENCE; Case No. 1:17-cv-01757-NONE-SAB

1

4.  Defendants' request is at odds with the Federal Rules of Civil Procedure's mandate of a "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990); *accord, United States ex rel. Modglin v. DJO Global, Inc.*, 2014 WL 12564275, at *1 (C.D. Cal 2014); *Espineli v. Toyota Motor Sales, U.S.A., Inc.*, No. 17CV00698KJMCKD, 2019 WL 3080808, at *1 (E.D. Cal. July 15, 2019) ("courts generally disfavor delaying discovery until after a dispositive motion is resolved"); *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-CV-02630, 2011 WL 489743, at *8 (E.D. Cal. Feb. 7, 2011) ("defendant has not demonstrated an immediate and clear possibility that its motion to dismiss will be granted").

5.  Even if some pacing of discovery were warranted, a <u>blanket</u> stay of discovery, as requested by Defendants, is highly disfavored. *See In re Valence Techn'y Sec. Litig.*, 1994 WL 758688, at *2 (N.D. Cal. 1994) (citing *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)) ("[c]ourts have not looked favorably upon granting a blanket stay of discovery pending resolution of a challenge to the legal sufficiency of a plaintiff's complaint"); *Spearman v. I Play, Inc.*, 2018 WL 1382349, at *1 (E.D. Cal. 2018); *Salazar v. Honest Tea, Inc.*, 2015 WL 6537813, at *1 (E.D. Cal. 2015). A "defendant must make a clear showing of hardship or inequity to justify a blanket stay of discovery pending resolution of a challenge on the pleadings." *In re Valence Technology Securities Litigation*, 1994 WL 758688 at *2 (N.D. Cal. 1994). If some delay of discovery is warranted in this case (which it is not), the best way to determine which discovery should proceed, and which can await determination of the Motions to Dismiss, is via a Scheduling Conference with the Court.

/ / /

/ / /

LAW OFFICES COTCHETT, PITRE & MCCARTHY, LLP

RELATOR'S OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY AND CONTINUE SCHEDULING CONFERENCE; Case No. 1:17-cv-01757-NONE-SAB

2

For these reasons, Relator respectfully requests that the Court deny Defendants' Motion for a Continuance and to Stay Discovery, in its entirety.

Dated: June 2, 2020					**COTCHETT, PITRE & McCARTHY, LLP**

							By:   /s/ Justin T. Berger
							        JUSTIN T. BERGER
							        SARVENAZ "NAZY" J. FAHIMI

							*Attorneys for Relator Thomas Turner*

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**RELATOR'S OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY AND CONTINUE SCHEDULING CONFERENCE; Case No. 1:17-cv-01757-NONE-SAB**     3