1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | Case No.  1:17-cv-01757-NONE-SAB |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY AND CONTINUE SCHEDULING CONFERENCE AND VACATING HEARING ON MOTION |
| v. | |
| DYNAMIC MEDICAL SYSTEMS, LLC, et al., | (ECF Nos. 84, 87, 88) |
| Defendants. | |

11

12

13

14

15

16

17      Currently before the Court is a motion to stay discovery and continue the scheduling

18 conference filed on May 19, 2020, by Defendants Dynamic Medical Systems, LLC, Joerns

19 Healthcare, LLC, Plum Healthcare Group, LLC, Covenant Care California, LLC, Mariner Health

20 Care Management Company, and Cambridge Healthcare Services ("Defendants").[1]   (ECF No.

21 84.)

22      Defendants argue good cause exists to stay discovery and continue the scheduling

23 conference because of pending motions to dismiss that were filed on January 29, 2020, and

24 became fully briefed and ripe for adjudication on April 8, 2020.  (ECF Nos. 59, 60, 64, 67, 80,

25 81, 82, 83, 84, 84-1.)   The motions to dismiss could potentially dispose of the action in its

26 entirety and Defendants argue it would serve the interests of efficiency and judicial economy for

27

28
[1]  While Invacare Corporation appears as a defendant on the docket, and a summons was issued, it does not appear a summons was returned executed nor that they have appeared in the action. (ECF No. 19.)

1

1   the Court to stay discovery and continue the scheduling conference currently set for June 9,

2   2020, during the pendency of the motions to dismiss.  (ECF No. 84 at 3-4.)  Defendants highlight

3   the Court's order setting the scheduling conference expressly provides that "the Court is aware

4   that in some situations the case is not procedurally in the posture for the Scheduling Conference

5   to be held on the date initially set," and that such "situations include . . . where there is a pending

6   motion to dismiss."  (ECF No. 21 at 7.)  Defendants further argue a stay and further continuance

7   of the scheduling conference is appropriate because the Court has twice previously continued the

8   scheduling conference date based on stipulated motions citing the pendency of the motions to

9   dismiss.  (ECF Nos. 45, 53.)  Defendants contend cause exists to temporarily stay discovery

10  under Rule 26(c)(1), which permits the Court, "for good cause, [to] issue an order to protect a

11  party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed.

12  R. Civ. P. 26(c)(1).   In this regard, Defendants state that given the motions to dismiss are

13  potentially dispositive of the entire action, allowing discovery to proceed would undermine

14  judicial efficiency, and emphasize Defendants are a mixed group of medical equipment suppliers

15  and operators of nursing facilities impacted by the response to the COVID-19 public health

16  situation in California, and thus discovery would be burdensome and unreasonable.  (ECF No. 84

17  at 6.)

18          Prior to the filing of the instant motion, Defendants conferred with counsel for Relator

19  Thomas Turner ("Relator") via email and telephone, and counsel for Relator represented that

20  Relator would file an opposition to the requests for both the continuance of the scheduling

21  conference and for the stay of discovery.  (ECF No. 84 at 4.)  Due to this and the fact that

22  Defendants had noticed the hearing on the instant motion for the same date as the scheduling

23  conference and not in compliance with the normal notice period for motions, on May 21, 2020,

24  the Court issued an order requiring any party that did not join in Defendants' motion to either file

25  a statement of non-opposition or an opposition brief on or before June 2, 2020.  (ECF No. 85.)

26          On June 2, 2020, the Court inadvertently issued a minute order continuing the scheduling

27  conference prior to the June 2, 2020 deadline to file an opposition expired, because of the

28  Court's normal practice to issue such continuances due to pending motions to dismiss.  (ECF No.

1   87.)  Thereafter, on June 2, 2020, Relator filed an opposition to the motion to stay.  (Relator's

2   Opp'n Mot. Stay ("Opp'n"), ECF No. 88.)  The Court will consider the arguments presented by

3   Relator, despite the fact that the scheduling conference has already been continued.

4        Relator presents five arguments.  First, that the State of California's notice opposing

5   dismissal on the basis of the public disclosure bar filed on May 28, 2020 (ECF No. 86), renders

6   one of the Defendants' primary arguments on their motions to dismiss moot, and there is no

7   reason to delay discovery based on the "fragments" of the motions to dismiss that remain at

8   issue. (Opp'n 2.)  Second, Defendants have already received two prior extensions of the briefing

9   schedule and scheduling conference (ECF Nos. 45, 53), separate from 28-day extensions allowed

10  by local rule without court approval (ECF Nos. 30, 31), and given the scheduling conference was

11  originally set for December 17, 2019, if Defendants had filed their motions to dismiss per the

12  Federal Rules, briefing would have been done by the beginning of this year, and although

13  Relator stipulated to these extensions, Relator also requested that the parties proceed with the

14  scheduling conference by the end of 2019 so discovery could commence, but the request was

15  denied (ECF No. 44, ¶ 9).  (Opp'n 2.)  Third, given the case was filed in 2017 and remained

16  under seal pending the government's investigation until September 16, 2019 (ECF No. 18),

17  further delay in commencing discovery would cause evidence to grow stale.  (Opp'n 2.)  Fourth,

18  Defendants' request is at odds with the Federal Rules of Civil Procedure's mandate of a "just,

19  speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, and at

20  odds with caselaw disfavoring stays of discovery, specifically for the reason of a pending

21  dispositive motion.  (Opp'n. 3.)  Fifth, Relator argues even if some pacing of discovery is

22  warranted, a blanket stay of discovery is highly disfavored even where challenges to the

23  pleadings are pending.  (Id.)

24        Relator's arguments overlap in various regards, and the Court's reasoning below, while

25  perhaps facially split between the Relator's numerical arguments, contain arguments applicable

26  to multiple or all of Relator's arguments.  As for Relator's first argument that the notice

27  opposing dismissal just filed by the State of California renders Defendants' primary arguments

28  on the motions to dismiss moot, the undersigned declines to potentially weigh into the merits of

1    the motions to dismiss that are ripe for adjudication and pending before the District Judge

2    assigned to this action, and will not base a decision on the instant motion on the proffer that only

3    "fragments" of the motions to dismiss remain at issue, even if the legal authorities may clearly

4    support denying such portions of the motions to dismiss.[2]   If the recently filed opposition does

5    clearly mandate such result, perhaps adjudication will be more rapidly forthcoming with the

6    State of California's recent filing.

7        As for Relator's second and third arguments, while the Court appreciates that this action

8    has been subject to multiple extensions, agreed to by Relator, and that memories do indeed fade

9    through delayed discovery, the reasons for postponing discovery for the pending motions to

10   dismiss remain in the face of such facts, and do not override the interest of allowing such

11   dispositive motions to be adjudicated given they are ripe for decision.  As explained below,

12   given the State of California's recent opposition was filed after the motion to stay was filed, the

13   Court encourages the parties to confer regarding the recent filing and the Court is willing to

14   entertain advancing the scheduling conference, or tailoring discovery to fit any changed

15   circumstances surrounding the merits of the motions to dismiss since the time of the filing of

16   Defendants' motion to stay.

17       As for the Relator's fourth argument, while the Court appreciates and finds some of the

18   case law cited and the emphasis on the text and purposes of the Rules of Civil Procedure

19   persuasive, the cases are distinguishable from the facts presented here and lend support to the

20   Court's ultimate decision to stay the case on all of the facts presented.  The primary case cited by

21   Relator is quoted for the proposition that: "Had the Federal Rules contemplated that a motion to

22   dismiss under [Rule] 12(b)(6) would stay discovery, the Rules would contain a provision to that

23   effect.  In fact, such a notion is directly at odds with the need for expeditious resolution of

24   litigation." Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N.D. Cal. 1990).  Expanding out

25   _____

      [2]  While not delving into the merits, the Court notes that the cases cited by Plaintiff State of California in the notice
26   opposing dismissal do not directly involve the California False Claims Act ("CFCA"), but rather the federal
      counterpart, United States v. Select Med. Corp., No. 312CV00051RLYDML, 2017 WL 468276 (S.D. Ind. Feb. 3,
27   2017); United States ex rel. Scutellaro v. Capitol Supply, Inc., No. CV 10-1094 (BAH), 2017 WL 1422364 (D.D.C.
      Apr. 19, 2017); United States ex rel. Szymoniak v. Am. Home Mortg. Servicing, Inc., No. 0:10-CV-01465-JFA,
28   2014 WL 1910845 (D.S.C. May 12, 2014), and as Plaintiff states in footnote 2, "federal decisions are persuasive
      authority in interpreting the California statute," not binding authority.  (ECF No. 86 at 3.)

1   from the quoted portion sheds light on the court's comment and ultimate decision:

> The district court has considerable latitude under Fed.R.Civ.Pro. 26(c) to craft protective orders during discovery.  Such orders are only appropriate, however, upon a showing of "good cause" by the party seeking the order.  *Id.*  A party seeking a stay of discovery carries the heavy burden of making a "strong showing" why discovery should be denied.  *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975).  The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements.  *See* Wright & Miller, *Federal Practice and Procedure* § 2035; A.W. Tashima & J. Wagstaffe, *Federal Civil Procedure Before Trial* § 11:88.

> **Defendants have done no more than to argue in conclusory fashion that their motions to dismiss—some of which are yet to be filed—will succeed, and that plaintiff class will not be certified.  Idle speculation does not satisfy Rule 26(c)'s good cause requirement.  Such general arguments could be said to apply to any reasonably large civil litigation.**  If this court were to adopt defendants' reasoning, it would undercut the Federal Rules' liberal discovery provisions.  The motions referred to by defendants will be decided in due course; in the meantime, defendants may only seek to attack the discovery requests by means of objections, if appropriate, as provided in the Federal Rules.

> *2. Stay Pending Disposition of Motion to Dismiss.*

> The **intention** of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery.  4 J. Moore, *Federal Practice* § 26.70[2], at 461.  Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect.  In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.  Under Rule 33, for instance, interrogatories may be served at the same time as the summons and complaint.  Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions.

> Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss.  This would circumvent the procedures for resolution of such a motion.  Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, *cf. Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

Gray, 133 F.R.D. 39, 40–41 (N.D. Cal. 1990) (emphasis added) (also denying request to stay

pending class certification as the Rules did not expressly provide for such, and "[a]n order

staying discovery pending class certification would be unworkable, since plaintiffs must be able

to develop facts in support of their class certification motion.").

While the Gray court's discussion regarding Rule 33 in relation to Rule 12 is persuasive,

1    the court's decision was greatly influenced by the fact that some of the motions to dismiss were

2    not yet filed, defendants had not shown particular and specific needs but only conclusory

3    statements, and the unworkability of a stay in conjunction with the needs to prepare for class

4    certification in relation to the request to stay pending certification.  Further, the case involved

5    outstanding discovery requests with responses due within one week of the court's decision, and

6    depositions already scheduled the following week.  Gray, 133 F.R.D. at 139.

7           Another recent case from this district cited by Relator also involves a not-yet filed motion

8    to dismiss, Espineli v. Toyota Motor Sales, U.S.A., Inc., No. 17CV00698KJMCKD, 2019 WL

9    3080808, at *1 (E.D. Cal. July 15, 2019).  Relator cites Espineli for the proposition that "courts

10   generally disfavor delaying discovery until after a dispositive motion is resolved."  The Espineli

11   court's discussion largely focused on the party's argument presented in the joint status report

12   submitted for a scheduling conference (that was held), requesting initial disclosures be delayed

13   until 21 days after a forthcoming second motion to dismiss, and the court denied such request.

14   Espineli, 2019 WL 3080808, at *1.  In the face of a motion to dismiss for lack of federal

15   jurisdiction, the court had to decide an appropriate date for initial disclosures under the Rules,

16   and citing to Canter & Assocs., LLC v. Teachscape, Inc., No. C 07-3225 RS, 2008 WL 191978,

17   at *1, n.2 (N.D. Cal. Jan. 22, 2008), observed the following about the Canter court's decision:

18   "In  dicta, the court noted that, though such an objection would not have been 'frivolous,' 'it is

19   unlikely the court would have accepted an argument that initial disclosures could be delayed

20   until federal jurisdiction is established.  The pendency of a motion to dismiss almost never serves

21   to excuse compliance with initial disclosure obligations.' "  Espineli, 2019 WL 3080808, at *1

22   ("When faced with express requests, courts have generally rejected parties' requests for a stay of

23   discovery while a dispositive motion is pending.").

24          The Espineli court noted that courts in the Ninth Circuit often employ a two part test in

25   determining whether to grant such request: (1) the pending motion must be potentially

26   dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed; and

27   (2) the court must determine whether the pending, potentially dispositive motion can be decided

28   absent additional discovery.  Id. at *1-2.  The Espineli court also noted that: "Where the Ninth

6

1   Circuit has spoken on the issue, it has indicated that a district court may abuse its discretion if it

2   stays discovery during the pendency of a motion to dismiss if the discovery is relevant to the

3   potentially dispositive motion." Id. at 2 (citing Mlejnecky v. Olympus Imaging Am., Inc., No.

4   2:10-CV-02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011); Alaska Cargo Transport, Inc.

5   v. Alaska R.R. Corp., 5 F.3d 378, 383 (9th Cir. 1993) (indicating district court would have

6   abused discretion in staying discovery if discovery sought during pendency of motion to dismiss

7   was relevant to whether or not court had subject matter jurisdiction); Jarvis v. Regan, 833 F.2d

8   149, 155 (9th Cir. 1987) (holding district court did not abuse its discretion by staying discovery

9   pending motion to dismiss because complaint did not raise factual issues requiring discovery for

10  resolution)).

11       Ultimately, the Espineli court only ordered that initial disclosures proceed, despite the

12  request to postpone until after a forthcoming, not yet filed motion to dismiss. Espineli, 2019 WL

13  3080808, at *2. Significantly as to the second prong of the test, plaintiffs argued that they

14  planned to conduct discovery that would be relevant to the motion to dismiss by seeking records

15  of consumer complaints internal communications regarding the defect in question. Id.

16       Relator does not directly address the two-part test utilized in Espineli, but Defendants cite

17  such test in their motion, and argue both prongs are satisfied. (ECF No. 84-1 at 6-7, citing Hall

18  v. Tilton, No. C 07-3233 RMW (PR), 2010 WL 539679, at *2 (N.D. Cal. Feb. 9, 2010) (granting

19  stay of discovery until disposition of motion to dismiss).) The Court finds that based on the

20  current pending motions to dismiss and no indication that discovery is needed to adjudicate the

21  motions to dismiss, Defendants have established both prongs of the test and finds a stay of

22  discovery and continuance of the scheduling conference is appropriate. However, as discussed

23  below, given the State of California's notice of opposition filed in the interim period, if the

24  pending motions to dismiss are clearly no longer dispositive of the majority of the action, the

25  undersigned is receptive to the parties' agreeing to an advancement of the scheduling conference

26  to determine whether limited discovery is appropriate for the portions of the action that would no

27  longer be subject to the pending motions to dismiss, but again, the Court declines to wade into

28  the merits of the motions to dismiss pending before the District Judge. See footnote 2, supra.

1            Relator cites <u>United States ex rel Modglin v. DJO Glob. Inc.</u>, No.

2    CV1207152MMMJCGX, 2014 WL 12564275 (C.D. Cal. Feb. 20, 2014), as being in accord with

3    <u>Gray</u>, 133 F.R.D. 39.  Upon review, the case appears supportive of Defendants' position, and is

4    in fact cited by Defendants in briefing for their argument that staying discovery in cases

5    involving the False Claims Act is appropriate due to the heightened pleading standard under Rule

6    9(b).  In <u>Modglin</u>, the court granted the defendants' motion to stay pending a motion to dismiss,

7    and while it acknowledged case law highlighting the Federal Rules do not explicitly state a

8    motion to dismiss should stay discovery and easily could have been drafted that way, the court

9    recognized that nonetheless, "a district court has broad discretion to stay discovery pending

10   resolution of a potentially dispositive motion."  <u>Id.</u> at *2 (citations omitted).  In granting, the

11   court noted: "For these reasons, California district courts have found that it is proper in FCA

12   cases where a motion to dismiss for failure to plead fraud with particularity is pending to stay

13   discovery until the court has had the opportunity to decide whether the complaint satisfies the

14   heightened pleading requirements of Rule 9(b)."   <u>Modglin</u>, 2014 WL 12564275, at *2-3

15   ("[P]laintiffs have asserted an FCA claim against defendants.  Plaintiffs' opposition concedes

16   that their complaint alleges a "fraudulent scheme," but does not address any of the authority cited

17   by defendants in support of staying discovery.  Nor does it argue that defendants are not likely to

18   succeed on their motion to dismiss because plaintiffs have pled their allegations with sufficient

19   specificity under Rule 9(b).").  Here, while Relator argues the State of California's recently filed

20   opposition renders one of the Defendants' primary arguments in their motions to dismiss moot,

21   Relator does not directly address Defendants' arguments regarding Rule 9(b) presented in the

22   motion to stay.

23           For all of the above reasons, including the arguments presented in the Defendants'

24   briefing, the Court's order setting the scheduling conference that informs the parties that pending

25   motions to dismiss present a situation where the case is not in a procedural posture for the

26   scheduling conference to be held, and the fact that allowing discovery to proceed could result in

27   undue burden, expense, and discovery disputes, the Court finds good cause to continue the

28   scheduling conference and stay discovery to allow the pending motions to dismiss to be decided.

1  Fed. R. Civ. P. 26(c)(1); <u>Modglin</u>, 2014 WL 12564275, at *2-3; <u>Hall</u>, 2010 WL 539679, at *2;

2  <u>Rutman Wine Co. v. E. & J. Gallo Winery</u>, 829 F.2d 729, 738 (9th Cir. 1987) ("Appellant argues

3  that the district court should not have dismissed its claims without permitting discovery . . .

4  Rutman's position is unsupported and defies common sense.  The purpose of F. R. Civ. P.

5  12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without

6  subjecting themselves to discovery."); <u>Wagh v. Metris Direct, Inc.</u>, 363 F.3d 821, 829 (9th Cir.

7  2003) ("As the court noted in its order granting the first motion to dismiss, discovery at the

8  pleadings stage is only appropriate where factual issues are raised by a Rule 12(b) motion.").

9           As a final consideration, the Court turns to Relator's fifth argument that a blanket stay of

10  discovery is highly disfavored and that a scheduling conference should be held to decide which

11  discovery should be allowed to proceed.  Given the State of California's notice of opposition to

12  the motions to dismiss was filed after the Defendants filed this instant motion, if the parties agree

13  that the State's opposition does clearly render the motions to dismiss largely moot and portions

14  of this action ready to proceed into discovery, the undersigned is willing to consider advancing

15  the scheduling conference.  Further, if a decision on the pending motions to dismiss is issued

16  significantly prior to the date the scheduling conference has been continued, the undersigned is

17  also receptive to advancing the scheduling conference at that point to ensure discovery is

18  promptly started when the posture of the case is ready.

19           Accordingly, IT IS HEREBY ORDERED that:

20    1.    Defendants' motion to stay discovery and continue the scheduling conference

21          (ECF No. 84), is GRANTED;

22    2.    The hearing on the motion to stay discovery and continue the scheduling

23          conference set for June 9, 2020 (ECF No. 84), is VACATED;

24    3.    Discovery in this action is STAYED until the Court holds a scheduling

25          conference;

26    4.    The scheduling conference remains set for **September 1, 2020 at 10:30 a.m.** in

27          Courtroom 9, as continued by the Court's minute order issued June 2, 2020 (ECF

28          No. 87); and

9

1    5.    The parties shall file a joint scheduling report **seven (7) days** prior to the

2          scheduling conference.

3

4    IT IS SO ORDERED.

5    Dated:    **June 5, 2020**

     UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10