UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS TURNER,<br><br>            Plaintiff,<br><br>    v.<br><br>DYNAMIC MEDICAL SYSTEMS LLC; et al.,<br><br>            Defendants. | CASE No.:  1:17-cv-01757 NONE-SAB<br><br>ORDER REQUIRING RELATOR TO SHOW CAUSE WHY DEFENDANT INVACARE CORPORATION SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO SERVE IN COMPLIANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 4(M)<br><br>FIVE DAY DEADLINE |

On December 28, 2017, Relator Thomas A. Turner filed this *qui tam* action against Defendants Dynamic Medical Systems LLC, Joerns Healthcare LLC, Covenant Care California, LLC, Mariner Health Care Management Company, Plum Healthcare Group LLC and Cambridge Healthcare Services.  (ECF No. 1.)  The matter was placed under seal for sixty days pursuant to 31 U.S.C. § 3730(b) and no defendants were to be served until further order of the court.  (ECF No. 4.)  One March 5, 2018, the United States motions to continue the sealing of this action were granted.  (ECF No. 6.)  Relator filed a first amended complaint on March 20, 2018, adding Invacare Corporation as a defendant in this action.  (ECF No. 7.)

Upon the filing of a joint *ex parte* request of the United States and the State of California, the stay of this matter was continued on September 6, 2018; March 7, 2019; and March 20, 2019.  (ECF Nos. 9, 11, 13.)  On April 1, 2019, an order issued partially lifting the seal of the *qui tam* complaint so that the United States could disclose the first amended complaint to Defendants.  (ECF No. 15.)  On September 4, 2019, the United States and the State of California filed a joint notice that they were not going to intervene in this action and the stay of the action was lifted.  (ECF Nos. 16, 17.)  The matter was unsealed

1

on September 16, 2019, and the complaint was ordered to be served on Defendants.  (ECF No. 18.)

On October 9, 2019, the summonses and new case documents issued in this action.  (ECF Nos. 19, 20, 21.)  On October 29 and 30, 2019, summons were returned executed for Covenant Care California, LLC, Mariner Health Care Management Company, and Plum Healthcare Group LLC,  (ECF Nos. 23, 24, 25.)  On November 7, 2019, a waiver of service was returned for Dynamic Medical Systems LLC and Joerns Healthcare LLC, and summons was returned executed for Cambridge Healthcare Service.  (ECF Nos. 26, 27, 29.)

On January 29, 2020, motions to dismiss were filed by Defendants Covenant Care California LLC and Mariner Health Care Management Company, and by Dynamic Medical Systems LLC and Joern's Healthcare LLC, and Cambridge Healthcare Services, and Plum Healthcare Group Inc., and a motion to join in the motion to dismiss was filed by Dynamic Medical Systems, Inc.  (ECF Nos. 59, 60-63, 64, 65, 66-67.)  These motions are currently pending before the district judge.

On May 19, 2020, a motion to stay discovery in this action and continue the scheduling conference was filed by the appearing defendants.  (ECF No. 84.)  In addressing the motion, the Court noted that Relators did not return an executed service of summons on Defendant Invacare Corporation although a summons had been issued.  (Order Granting Defendants' Motion to Stay Discovery and Continue Scheduling Conference and Vacating Hearing on Motion, 1 n.1, ECF No. 89.)

In the October 9, 2019 order setting the mandatory scheduling Relator was informed that he was to "diligently pursue service of the summons and complaint" and "promptly file proofs of the service."  (ECF No. 21 at 1-2.)  Relator was referred to Rule 4 of the Federal Rules of Civil Procedure regarding the requirement of timely service of the complaint.  (Id.)  Further, Plaintiff was advised that "[f]ailure to comply may result in the imposition of sanctions, including dismissal of unserved Defendants."  (Id. at 2.)  Upon review of the docket as addressed above, Relator has filed a return of service to show that Defendant Invacare Corporation has been served with the summons and complaint in this action.

Rule 4(m) of the Federal Rules of Civil Procedure addresses the time requirements for service of the complaint in civil cases.  Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an

2

appropriate period.

The summonses in this matter were issued on October 19, 2019 and more than ninety days have passed and it appears that Relator has failed to serve Defendant Invacare Corporation as required by Rule 4(m).

Accordingly, Relator is HEREBY ORDERED to show cause in writing within **five (5) days** from the date of entry of this order why Defendant Invacare Corporation should not be dismissed from this action for failure to serve the complaint in compliance with Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: __**June 8, 2020**__

UNITED STATES MAGISTRATE JUDGE