1 | JUSTIN T. BERGER (SBN 250346)
jberger@cpmlegal.com
2 | SARVENAZ "NAZY" J. FAHIMI (SBN 226148)
sfahimi@cpmlegal.com
3 | **COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
4 | 840 Malcolm Road
Burlingame, CA 94010
5 | Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Attorneys for Relator*

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA AND THE STATE OF CALIFORNIA** *ex rel.* **THOMAS TURNER,**<br><br>Plaintiffs,<br><br>v.<br><br>**DYNAMIC MEDICAL SYSTEMS LLC,; JOERNS HEALTHCARE LLC.; COVENANT CARE CALIFORNIA LLC; MARINER HEALTH CARE MANAGEMENT COMPANY; PLUM HEALTHCARE GROUP LLC; and CAMBRIDGE HEALTHCARE SERVICES,**<br><br>Defendants. | CASE NO. 1:17-cv-01757-NONE-SAB<br><br>**RELATOR'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE STATE OF CALIFORNIA'S NOTICE OPPOSING DISMISSAL ON THE BASIS OF THE PUBLIC DISCLOSURE BAR**<br><br>Date: August 4, 2020<br>Time: 10:30 a.m.<br>Ctrm.: 4 (7th Floor)<br>Judge: None |

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**RELATOR'S OPPOSITION TO DEFENDANTS' MOTION TO STIKE STATE OF CALIFORNIA'S NOTICE OPPOSING DISMISSAL ON THE BASIS OF THE PUBLIC DISCLOSURE BAR; Case No. 1:17-cv-01757-NONE-SAB**

## I. INTRODUCTION

Relator Thomas Turner has demonstrated that Defendants' motions to dismiss should be denied on several bases, including for failing to show the California False Claims Act ("CFCA") public disclosure bar applies because: (1) Medi-Cal's audit of Defendant Plum Healthcare was not public prior to the filing of this case; and (2) the other audit relied on by Defendants was of a nursing home chain that is not a Defendant in this case, and Defendants have provided no evidence that the audit was publicly disclosed prior to the filing of this case.

Notwithstanding Defendants' failure to show a prior public disclosure of Relator's claims, the State of California ("State") has exercised its right to oppose dismissal of the action under the CFCA public disclosure bar. The State has the explicit statutory authority to block Defendants' attempt to apply the bar—a bar which was enacted for the sole purpose of protecting the State.

Defendants' argument to strike the State's Notice Opposing Dismissal is flawed and defies the clear language of the CFCA, the purpose of the provision, and is contrary to the case law interpreting the identical False Claims Act ("FCA") public disclosure bar. Accordingly, Defendants' motion should be denied.

## II. ARGUMENT

### A. The plain language of the CFCA unequivocally allows the State to block dismissal based upon Public Disclosure grounds.

The CFCA's public disclosure bar provides:

> (A) The court shall dismiss an action or claim under this section, *unless opposed by the Attorney General or prosecuting authority of a political subdivision*, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed in any of the following:
>
> (i) A criminal, civil, or administrative hearing in which the state or prosecuting authority of a political subdivision or their agents are a party.
>
> (ii) A report, hearing, audit, or investigation of the Legislature, the state, or governing body of a political subdivision.
>
> (iii) The news media.
>
> (B) Subparagraph (A) shall not apply if the action is brought by the Attorney General or prosecuting authority of a political subdivision, or the person bringing the action is an original source of the information.

**RELATOR'S OPPOSITION TO DEFENDANTS' MOTION TO STIKE STATE OF CALIFORNIA'S NOTICE OPPOSING DISMISSAL ON THE BASIS OF THE PUBLIC DISCLOSURE BAR; Case No. 1:17-cv-01757-NONE-SAB**

1

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

(C) For purposes of subparagraph (B), "original source" means an individual who either:

(i) Prior to a public disclosure under subparagraph (A), has voluntarily disclosed to the state or political subdivision the information on which allegations or transactions in a claim are based.

(ii) Has knowledge that is independent of, and materially adds to, the publicly disclosed allegations or transactions, and has voluntarily provided the information to the state or political subdivision before filing an action under this section.

Cal. Gov't Code § 12652(d)(3) (as amended in 2013) (emphasis added).[1]

Subsection (d)(3)(A) plainly provides that if the government opposes application of the public disclosure bar, a court cannot dismiss the action. *See id.* Yet, Defendants attempt to stretch the meaning of the plain language to somehow only permit the State an "opportunity" to contest the application of the public disclosure bar. Indeed, Defendants' reading of the statute would put the State in a position no different than that of a relator opposing application of the bar. Moreover, Defendants rely on cases that are inapposite which do not involve either the CFCA or FCA. (*See* Motion to Strike at page 10.)

Although no court has addressed government opposition to application of the public disclosure bar under the CFCA, every court that has addressed the identical provision under the FCA has held the "unless opposed" language is a *block* to dismissal.[2] *See, e.g., United States ex rel. Conroy v. Select Med. Corp.*, 3:12-cv-00051-RLY-DML, 2017 WL 468276, at *4 (S.D. Ind. Feb. 3, 2017) ("*Conroy II*") (denying certification for interlocutory appeal on issue of government's authority to block application of the bar); *United States ex rel. Scutellaro v. Capitol Supply, Inc.*, No.

---

[1] Changes to the CFCA were made to reflect the 2010 amendments to the FCA, which were put in place to expand the class of potential whistleblowers who may recover under the Act. *See Aryai v. Forfeiture Support Assocs.*, 25 F. Supp. 3d 376, 386 (S.D.N.Y. 2012) (citing H.R. Rep. No. 111-97, at 14 (2009))

[2] As the State explained in its Opposition of Dismissal, "[t]he California False Claims Act was patterned after, and closely resembles, its federal counterpart. . . . Because of the similarity between the two Acts, federal decisions are deemed persuasive authority in interpreting both state and federal provisions. *U.S. v. Shasta Servs., Inc.*, 440 F. Supp. 2d 1108, 1111 (E.D. Cal. 2006) (involving prior FCA version) (citing *Laraway v. Sutro & Co., Inc.*, 96 Cal. App. 4th 266, 274–75 (2002); *Rothschild v. Tyco Int'l, Inc.*, 83 Cal. App. 4th 488, 494 (2000)).

LAW OFFICES
COTCHETT, PITRE & MCCARTHY, LLP

**RELATOR'S OPPOSITION TO DEFENDANTS' MOTION TO STIKE STATE OF CALIFORNIA'S NOTICE OPPOSING DISMISSAL ON THE BASIS OF THE PUBLIC DISCLOSURE BAR; Case No. 1:17-cv-01757-NONE-SAB**

2

10-1094 (BAH)**,** 2017 WL 1422364, at *18 (D.D.C. Apr. 19, 2017); *United States ex rel. Szymoniak v. Am. Home Mortg. Serv., Inc.*, No. 0:10–cv–01465–JFA, 2014 WL 1910845, at *2 (D.S.C. May 12, 2014); *United States ex rel. Berntsen v. Prime Healthcare Servs., Inc.,* No. 11-CV-8214 PJW*,* 2014 WL 12480026, at *2 (C.D. Cal. Nov. 20, 2014); *United States ex rel. Baker v. Community Health Sys., Inc*., No. 05-279-WJ/ACT, 2014 WL 10212574, at *25 (D.N.M. May 16, 2014).

In *United States ex rel. Conroy v. Select Med. Corp.*, 211 F. Supp. 3d 1132 (S.D. Ind. 2016)[3] (*"Conroy I"*), the court considered the meaning of the identical FCA provision and held the public disclosure bar cannot apply where the government opposes application of the bar. *Id.* at 1150. The court in *Conroy I* discussed the exact argument Defendants rely upon—that the State must provide an "opposition" for the court to *consider* because purportedly "[a]n opposition by the State of California effectively modifies the 'shall' of the public disclosure bar into a 'may' dismiss." (Motion to Strike at page 10; *see also* at pages 6-9.) There, the court stated:

> The court has no right to insert words and phrases, so as to incorporate in the statute a new and distinct provision. . . . The interpretation [Defendant] advances would require the court to read into § 3730(e)(4)(A) an additional provision instructing the court, in the event of a government opposition, to consider all arguments and decide in its discretion whether to dismiss the action. With respect to public disclosure, Congress expressed only one directive: courts must dismiss *qui tam* claims based on public information, unless the government objects or the relator qualifies as an original source. 31 U.S.C. § 3730(e)(4)(A) (2010). Anything else simply finds no support in the statute.

*Id.* (citations and internal quotations omitted).

The court further stated that even if it accepted the defendant's interpretation, "what principle would guide the court's discretion in deciding which claims survive and which ones fail when the government objects? . . . Absent some constitutional or statutory command, the court knows of no criteria or standard to inform any purported discretion." *Conroy I*, 211 F. Supp. 3d at 1150 n.10.

In another attempt to circumvent the clear authority supporting the Government's ability to block dismissal under the bar, Defendants direct the Court to a different provision of the CFCA which is not at issue here. They point to section 12652(e)(2)(A), which provides: "The state or political subdivision may seek to dismiss the action for good cause *notwithstanding* the objections of

---

[3] In *Conroy,* Defendants subsequent request to certify the court's decision for interlocutory appeal was denied. Both decisions are discussed herein and referred to as *Conroy I* and *Conroy II.*

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**RELATOR'S OPPOSITION TO DEFENDANTS' MOTION TO STIKE STATE OF CALIFORNIA'S NOTICE OPPOSING DISMISSAL ON THE BASIS OF THE PUBLIC DISCLOSURE BAR; Case No. 1:17-cv-01757-NONE-SAB**

3

the *qui tam* plaintiff if the *qui tam* plaintiff has been notified by the state or political subdivision of the filing of the motion and the court has provided the *qui tam* plaintiff with an *opportunity to oppose the motion and present evidence at a hearing*." (Emphasis added). Defendants appear to argue that because this section limits the State's power by requiring notice and the opportunity for a hearing in the case of dismissal, the "unless opposed" language in section 12652(d)(3) should be read as imposing a similar limitation. There are two flaws in this argument.

First, the conspicuous absence of this "notwithstanding" language in section 12652(d)(3) is instructive in that it evinces a legislative determination that the notice and opportunity for hearing requirements of section 12652(e)(2)(A) are not necessary for the government to be able to exercise its right to block dismissal. *See Kucana v. Holder*, 558 U.S. 233, 249 (2010) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (quoting *Nken v. Holder*, 556 U.S. 418, 430 (2009)). Second, section 12652(e)(2)(A) addresses instances where the *State is seeking to dismiss* the action, whereas section 12652(d)(3) pertains only to instances in which the State is seeking to have an action *proceed*.

Further, although review of the legislative history is not necessary because the plain meaning of the statute is clear, the history Defendants refer to nevertheless supports the right of the government to halt dismissal. The purpose of the public disclosure bar is solely to protect the *government* in its effort to recoup funds taken on the account of fraud. *See United States ex rel. Berntsen v. Prime Healthcare Servs., Inc.*, No. 11-CV-8214 PJW, 2014 WL 12480026, at *3 (C.D. Cal. Nov. 20, 2014) (interpreting the FCA). It "was enacted to strike a balance between encouraging private persons to root out fraud and stifling parasitic lawsuits." *Graham County Soil and Water Conservation Dist. v. United States ex rel. Wilson*, 559 U.S. 280, 281 (2010) (interpreting the FCA's public disclosure bar). Therefore, "where the Government indicates that it supports the relator's action, it would be *illogical* for the Court to conclude that the relator's action was parasitic." *Berntsen,* 2014 WL 12480026, at *3.

Additionally, the CFCA legislative history cited by Defendants in fact supports the State's position. In response to concerns raised, supporters of the bill (without further opposition) stated the

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**RELATOR'S OPPOSITION TO DEFENDANTS' MOTION TO STIKE STATE OF CALIFORNIA'S NOTICE OPPOSING DISMISSAL ON THE BASIS OF THE PUBLIC DISCLOSURE BAR; Case No. 1:17-cv-01757-NONE-SAB**

4

bar "simply reflects existing federal law." (Motion to Strike at page 9 n.6.) Clearly, the California legislature intended that the public disclosure bar of the CFCA mirror the FCA, which as explained above, has been universally interpreted by the courts to provide the government authority to block dismissal.

Lastly, there is no legal citation or authority for what appears to be Defendants' attempt to arbitrarily impose a time limit on the State's right to oppose application of the public disclosure bar. Simply stated, the plain language of the statute and legislative intent offer no support for Defendants.

### B. The Ability of the State of California to Block Dismissal Does Not Violate the Separation of Powers Clause.

Courts have consistently held that the government's ability to veto application of the bar under the identical FCA provision does not run afoul of separation of powers.

Defendants attempt to support a separation of powers argument by relying upon an unrelated provision of the FCA, Section 3730(b)(1), which requires that "[t]he action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." (*See* Motion to Strike at pages 12-13.) That provision has been interpreted as requiring government consent only for *voluntary* dismissals in order to avoid separation of powers because the provision, unlike the public disclosure bar provision, pertains to circumstances where a court must exercise its judicial power in interpreting substantive issues, for example under Rule 12(b)(6). The argument that the government's ability to block application of the public disclosure bar of the FCA usurps judicial power, however, has been directly rejected in *Conroy I* and other cases. *See Conroy I*, 211 F. Supp. 3d at 1150-51; *see also Searcy v. Philips Elecs. N Am. Corp.*, 117 F.3d 154, 158 (5th Cir. 1997).

"A court *must* dismiss an action based on public information *if* the government does not object *and* the relator does not constitute an original source. . . This built-in condition means that the court has no authority to dismiss a *qui tam* action on the basis of prior public disclosure, and therefore *no power to share*, when the government asserts its opposition to dismissal." *Conroy I,* 211 F. Supp. 3d at 1151. (emphasis in original and emphasis added)

**RELATOR'S OPPOSITION TO DEFENDANTS' MOTION TO STIKE STATE OF CALIFORNIA'S NOTICE OPPOSING DISMISSAL ON THE BASIS OF THE PUBLIC DISCLOSURE BAR; Case No. 1:17-cv-01757-NONE-SAB**

5

In *Conroy II,* the court yet again confirmed this when it denied certification for interlocutory appeal by holding that "reasonable jurists would not differ" on the issue of separation of powers. *Conroy II*, 2017 WL 468276, at *4. "This right to block is not the same as a government 'veto' of a court's decision. Indeed, once the government objects, the court does not even address the issue. Therefore, amended Section 3730(e)(4)(A) does not offend the separation of powers." *Id.*[4]

Similarly, the State's authority to oppose application of the CFCA bar is not designed to usurp judicial authority; rather, it is another way for the State to determine where parasitic claims and litigation exist. For this reason, preventing the State from exercising its right to block dismissal would strip the State of a critical mechanism for combatting fraudulent conduct—such as the illegal swapping arrangements Defendants engaged in here—and accordingly, would undermine the purpose of the public disclosure bar.

---

[4] *See also United States ex rel. Gilbert v. Virginia College, LLC*, 305 F. Supp. 3d 1315, 1324 (N.D. Ala. 2018) ("Even when the Government does not intervene, the Government exerts a fair amount of control over *qui tam* litigation, as it has veto power over any settlement and/or dismissal); *United States ex rel. May v. Purdue Pharma L.P.*, 737 F.3d 908, 917 (4th Cir. 2013) ("Indeed, it is difficult to understand how the amended public-disclosure bar could be jurisdictional when the government has the ability to veto a dismissal under that section."); *United States ex rel. Scutellaro v. Capitol Supply, Inc.*, No. 10-1094 (BAH), 2017 WL 1422364, at *12 (D.D.C. April 19, 2017) ("[T]he [2010] amendments afforded the government veto power over dismissal of an FCA suit on public disclosure bar grounds.); *United States ex rel. Baker v. Community Health Sys., Inc.*, No. 05-279-WJ/ACT, 2014 WL 10212574, at *25 (D.N.M. May 16, 2014) ("Under this post-amendment provision, the Government's opposition precludes application of the public disclosure bar as to claims for payment made after March 23, 2010."); *United States ex rel. Szymoniak v. Am. Home Mortg. Serv., Inc.*, No. 0:10–cv–01465–JFA, 2014 WL 1910845, at *2 (D.S.C. May 12, 2014) ("Because the United States has opposed dismissal on public disclosure grounds for claims submitted after March 22, 2010, the only issue currently before the court with regard to the public disclosure bar is if allegedly false claims submitted to the United States prior to March 23, 2010, should be dismissed."); *United States ex rel. Hagerty v. Cyberonics, Inc.*, 95 F. Supp. 3d 240, 256 (D. Mass. 2015) ("The new public-disclosure bar appears to be non-jurisdictional because it confers on the government the power to prevent the dismissal of an FCA claim that would otherwise fall within the public-disclosure bar."); *United States ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 300 (3rd Cir. 2016) ("Finally, if a court holds that a relator's claim is publicly disclosed, the amended bar nonetheless permits the government to oppose the court's dismissal of the action, an option that effectively dispels any notion that the bar is still jurisdictional."); *United States v. Smith & Nephew, Inc.*, 749 F. Supp. 2d 773, 781 (W.D. Tenn. 2010) ("Moreover, the amendment adds that the bar does not apply if the government opposes dismissal of the action."); *Berntsen*, 2014 WL 12480026, at *2 ("The authority that does exist . . . seems to support the Government's and Berntsen's position that dismissal on [public disclosure grounds] is precluded in the face of the Government's opposition to the motion.").

RELATOR'S OPPOSITION TO DEFENDANTS' MOTION TO STIKE STATE OF CALIFORNIA'S NOTICE OPPOSING DISMISSAL ON THE BASIS OF THE PUBLIC DISCLOSURE BAR; Case No. 1:17-cv-01757-NONE-SAB

6

## III. CONCLUSION

For the foregoing reasons, Relator respectfully requests that the Court deny Defendants' Motion to Strike the State of California's Notice Opposing Dismissal on the Basis of the Public Disclosure Bar.

Dated: July 21, 2020                  **COTCHETT, PITRE & McCARTHY, LLP**

By: */s/ Sarvenaz J. Fahimi*
     JUSTIN T. BERGER
     SARVENAZ "NAZY" J. FAHIMI

*Attorneys for Relator Thomas Turner*

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**RELATOR'S OPPOSITION TO DEFENDANTS' MOTION TO STIKE STATE OF CALIFORNIA'S NOTICE OPPOSING DISMISSAL ON THE BASIS OF THE PUBLIC DISCLOSURE BAR; Case No. 1:17-cv-01757-NONE-SAB**

7