# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DYNAMIC MEDICAL SYSTEMS, LLC, et al.,<br><br>Defendants. | Case No. 1:17-cv-01757-NONE-SAB<br><br>ORDER GRANTING DEFENDANTS' THIRD MOTION TO CONTINUE THE SCHEDULING CONFERENCE AND CONTINUING THE SCHEDULING CONFERENCE TO July 20, 2021<br><br>(ECF Nos. 116, 119) |

On December 28, 2017, Plaintiff Thomas A. Turner filed this action pursuant to the False Claims Act, 31 U.S.C. § 3721, et seq., against Defendants Dynamic Medical Systems, LLC; Joerns Healthcare, LLC; Covenant Care California, LLC, Mariner Healthcare Management Company; Plum Healthcare Group, LLC; and Cambridge Healthcare Services. (ECF No. 1.) The case was sealed for the United States of America and State of California to investigate to determine if they wished to intervene in the action. (ECF No. 4.) On March 20, 2018, Plaintiff filed a first amended complaint adding Invacare Corporation as a defendant. (ECF No. 7.) On September 16, 2019, the matter was unsealed after the United States of America and State of California filed a notice that they are not intervening in this action. (ECF Nos. 16, 18.) The summonses and order setting the mandatory scheduling conference issued on October 9, 2019. (ECF Nos. 19-21.) On January 29, 2020, Defendants Dynamic Medical Systems, LLC; Joerns Healthcare, LLC; Cambridge Healthcare Systems; and Plum Healthcare Group, LLC filed

1 motions to dismiss. (ECF Nos. 60-63, 64, 65, 66-67.) After receiving an extension of time to
2 respond, Plaintiff filed oppositions on March 18, 2020. (ECF Nos. 74-79.) Defendants filed
3 their replies on April 8 and 9, 2020. (ECF Nos. 80-83.)

4 On May 19, 2020, Defendants filed a motion to stay discovery and continue the
5 scheduling conference until the motions to dismiss were decided. (ECF No. 84.) On May 28,
6 2020, the State of California filed a notice opposing the motion to dismiss. (ECF No. 86.)
7 Plaintiff filed an opposition on June 2, 2020. (ECF No. 88.) On June 5, 2020, an order issued
8 granting Defendants' request and discovery was stayed until the Court holds a scheduling
9 conference. (ECF No. 89.)

10 On June 8, 2020, an order issued requiring Plaintiff to show cause why Defendant
11 Invacare Corporation should not be dismissed for Plaintiff's failure to serve in compliance with
12 Rule 4(m) of the Federal Rules of Civil Procedure. (ECF No. 80.) Plaintiff served Defendant
13 Invacare on June 10, 2020 and the order to show cause was discharged. (ECF Nos. 91, 92, 93.)

14 On July 7, 2020, Defendants filed a motion to strike the State of California's opposition
15 to the motion to dismiss as untimely. (ECF No. 95.) The State of California and Plaintiff filed
16 oppositions on July 21, 2020, and the Defendants filed a reply on July 28, 2020. (ECF Nos. 97,
17 98, 99.)

18 On September 28, 2020, Defendant Invacare Corporation filed a motion to dismiss. (ECF
19 No. 108.) On October 6, 2020, Plaintiff filed a notice of voluntary dismissal of Defendant
20 Invacare Corporation and Defendant Invacare Corporation was terminated as a defendant in this
21 action. (ECF Nos. 110, 111.)

22 On November 3, 2020, Defendants filed a second motion to continue the scheduling
23 conference until a decision was rendered on the motions to dismiss and motion to strike. (ECF
24 No. 112.) Plaintiff filed an opposition on November 11, 2020. (ECF No. 114.) On November
25 13, 2020, an order issued granting Defendant's motion to continue the scheduling conference and
26 continuing the scheduling conference to March 23, 2021. (ECF No. 115.)

27 On February 23, 2021, Defendants filed a third motion to continue the scheduling
28 conference. (ECF No. 116.) On February 23, 2021, an order issued requiring Plaintiff to file an

opposition to the motion within seven days.  (ECF No. 117.)  Plaintiff filed an opposition to the motion on March 3, 2021.  (ECF No. 119.)

Plaintiff again argues that the Court should allow some initial discovery, such as the exchange of initial disclosures, the commencement of written discovery, and depositions solely under Fed. R. Civ. Proc. 30(b)(6) on issues of data, systems, and organizational structure, to allow an efficient and orderly discovery plan to be laid out.  While Plaintiff argues that such discovery would have limited burden on the parties, the pending motions to dismiss could result in the dismissal of this action in its entirety and requiring the parties to incur the costs of written discovery and depositions should this matter be dismissed would be a waste of the parties resources.

Further, Defendants have moved to dismiss the complaint for failure to state a claim and if the motion is granted and assuming that leave to amend is given, Plaintiff will be required to file an amended complaint in order for this action to move forward.  Allowing such discovery when the pleadings are not settled is likely to result in discovery disputes which would require the Court to unnecessarily expend judicial resources.  As the parties have previously been advised this Court has one of the highest caseloads in the nation and is in a state of judicial emergency.

Although Plaintiff argues that this matter was stayed for a significant period of time while the Government decided if it should intervene and memories will fade with the passage of time, this delay cannot be attributed to the defendants.  Further, the length of the delay in addressing the motion to dismiss in this action is due to the judicial emergency that exists in this district as the parties were advised in the February 2, 2020 Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California.  (ECF No. 68-1.)  Due to there being only a single fulltime district judge in Fresno, the district judge has advised that motions are currently taking about ten months to address once they are fully briefed.  Given that the motions to dismiss were fully briefed in the beginning of April 2020, the Court would expect a decision to issue in the not too distant future.

Commencing such discovery prior to the pleadings being settled and answers being filed

in this matter is likely to result in undue burden, expense, and unnecessary discovery disputes. (See Order Setting Mandatory Scheduling Conference 7, ECF No. 21.)  While the Court is aware of the delay that has resulted in this matter, until such time as the pending motions have been resolved and answers have been filed in this action, the Court finds that allowing the discovery proposed by Plaintiff will result in undue burden and expense to the parties and the likelihood of discovery disputes due to the unsettled nature of the pleadings would result in a waste of judicial resources on the already overburdened caseload in this district.

The Court finds good cause to continue the scheduling conference and stay discovery to allow the pending motions to dismiss and motion to strike to be decided.  Should the motions to dismiss be denied and this matter ripe for scheduling prior to the continued date, the parties may request that the scheduling conference be advanced.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to continue the scheduling conference and stay discovery, filed February 23, 2021, is GRANTED;

2. The scheduling conference set for March 23, 2021, is CONTINUED to **July 20, 2021, at 9:30 a.m.** in Courtroom 9; and

3. The parties shall file a joint scheduling report **seven (7) days** prior to the scheduling conference.

IT IS SO ORDERED.

Dated:   **March 3, 2021**

UNITED STATES MAGISTRATE JUDGE