JUSTIN T. BERGER (SBN 250346)
jberger@cpmlegal.com
SARVENAZ "NAZY" J. FAHIMI (SBN 226148)
sfahimi@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Attorneys for Relator*

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA AND THE STATE OF CALIFORNIA** *ex rel.* **THOMAS TURNER,**<br><br>Plaintiffs,<br><br>v.<br><br>**DYNAMIC MEDICAL SYSTEMS LLC,; JOERNS HEALTHCARE LLC.; COVENANT CARE CALIFORNIA LLC; MARINER HEALTH CARE MANAGEMENT COMPANY; PLUM HEALTHCARE GROUP LLC; and CAMBRIDGE HEALTHCARE SERVICES,**<br><br>Defendants. | CASE NO. 1:17-cv-01757-JLT-SAB<br><br>**RELATOR'S OPPOSITION TO DEFENDANTS' MOTION FOR CONTINUANCE OF SCHEDULING CONFERENCE**<br><br>Date:     August 23, 2022<br>Time:    10:00 a.m.<br>Location: Courtroom 9, 6th Floor<br><br>Judge: Hon. Stanley A. Boone |

Relator Thomas Turner hereby opposes Defendants Dynamic Medical Systems LLC, Joerns Healthcare LLC, Covenant Care California LLC, Mariner Health Care Management Company, Plum Healthcare Group LLC, and Cambridge Healthcare Services' (collectively "Defendants") Motion for Continuance of Scheduling Conference (ECF No. 161).

**I.     INTRODUCTION**

Relator filed this case nearly five years ago, and it was unsealed by the Court and served on Defendants just under three years ago. Over Relator's objections, the Scheduling Conference has been continued ten times thus far and all discovery has been stayed. Defendants again seek to continue the Scheduling Conference and extend a stay on all discovery. In order to establish good cause to do so,

Defendants must show that it is likely they will prevail on the pending Motions to Dismiss. But Defendants fail to meet their burden for either request under the applicable test. Judge Drozd's January 22, 2022 Order (ECF No. 135) on the prior motions to dismiss found only certain very narrow elements missing from Relator's First Amended Complaint, which have been remedied with Relator's recently filed Second Amended Complaint ("SAC"). The SAC is likely to survive the most recent challenge, and the Scheduling Conference and discovery should therefore proceed in this important case in which millions of dollars in taxpayer money are at issue.

## II.     RECENT PROCEDURAL BACKGROUND

This case was filed in December 2017 (and remained under seal pending the government's investigation until September 16, 2019). The Scheduling Conference has been continued ten times since first scheduled in 2020. *See* ECF Nos. 45, 53, 89, 101, 115, 120, 121, 124, 132, 138.

On January 24, 2022, the Court issued an Order granting in part and denying in part Defendants' motions to dismiss and provided Relator leave to amend. *See* ECF No. 135. Subsequently, the Court granted the Parties' stipulated request for an extension of time for Relator to file his amended complaint and to continue the scheduling conference, which was continued until August 23, 2022. ECF No. 138.

On March 21, 2022 Relator filed his SAC (ECF No. 141), addressing the Court's Order of January 24, 2022.

## III.    ARGUMENT

The Ninth Circuit has affirmed that district courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Federal Rule of Civil Procedure 26 states "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery. Fed. R. Civ. P. 26(c)(1). The party seeking a protective order in limiting discovery has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). However, the Federal Rules of Civil Procedure do not provide for an automatic stay on discovery when a potentially dispositive motion is pending, and federal courts generally look unfavorably upon such stays. *Mlejnecky v. Olympus Imaging Am., Inc.,* No. 2:10-CV-02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) (denying defendant's motion to stay exchange

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**RELATOR'S OPPOSITION TO DEFENDANTS' MOTION FOR CONTINUANCE OF SCHEDULING CONFERENCE; Case No. 1:17-cv-01757-JLT-SAB**                                             2

of initial disclosures and discovery pending motion).

In evaluating whether a stay is appropriate, district courts in the Ninth Circuit often apply a two-pronged test to decide whether to stay discovery. *Id.* "First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed. Second, the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery. If the moving party satisfies these two prongs, the court may issue a protective order. *Discovery should proceed if either prong of the test is not met*." *Id.* (emphasis added). Judges in the Eastern District of California and Northern District of California have applied variations of this test with frequency. *Id.* (citations omitted, noting Central District of California list of potential additional considerations).

Additionally, district courts have consistently found that a judge deciding whether to issue a stay of discovery should take a "peek" at the merits of the potentially dispositive motion in evaluating whether a stay should issue. *See, e.g., Qwest Commc'ns Corp. v. Herakles, LLC*, No. 2:07CV00393 MCE RJM, 2007 WL 2288299, at *3 (E.D. Cal. Aug. 8, 2007) (citations omitted).

**A.   Defendants cannot show the pending motions are likely to be dispositive.**

Here, Defendants cannot meet their burden in showing that the pending Motions to Dismiss are dispositive. The SAC addresses the narrow issues defined by the Court in its Order. *See* ECF No. 135. The SAC serves both purposes of Rule 9(b), to: (1) "give adequate notice to an adverse party and enable that party to prepare a responsive pleading," and (2) "protect[] against false or unsubstantiated charges" by "requiring some factual basis for the claims." *United States ex rel. Swoben v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016). The SAC further describes the "who, what, when, where, and how" of two interrelated schemes: (1) the discriminatory billing/SOC scheme; and (2) the kickback swapping/low-price rule scheme.

Importantly, in the recent Order the Court found <u>Relator established the illegality of the scheme</u>. *See* Order, ECF No. 135 at 40-41 ("As for what was falsely certified and why it was false, the court finds relator's allegations to be sufficient. . . . This is false because it violates California regulations requiring providers to bill Medi-Cal at the 'usual' rate for comparable services or articles"); ECF No. 135 at 43-44 ("Construing these allegations in light most favorable to relator, the court finds that relator

has sufficiently established a kickback scheme under the AKS."); Order, ECF No. 135 at 43:8-9 ("As for what AKS misconduct defendants engaged in, including the nexus between 'remuneration' and referral, the court finds that relator's allegations are sufficient.").

The Court only directed that Relator add details to show the mechanics and implementation of the scheme—specifically, the "when," "how" and "who" of the scheme which Relator has now fleshed-out further. For example, the SAC provides the periods when Relator alleges each Defendant submitted false claims and participated in the scheme.

As to the "how," the SAC provides the missing information requested by the Court. The Court found that Relator adequately alleged what the scheme was, but lacked details of "the circumstances surrounding how defendant's employees or agents allegedly engaged in the kickback scheme." Order at 43:1-2. In other words, the Court requested more details on how Defendants implemented the scheme. The SAC cures this deficiency, providing pages of allegations detailing the mechanics of the scheme, including the *quid pro quo*, billing submissions, and kickback scheme. Relator provides numerous details outlining that Defendants submitted false claims in two primary, overlapping ways: (1) by submitting claims that falsely certified compliance with the discriminatory billing rules; and (2) by submitting claims that were tainted by anti-kickback laws.

Relator also has sufficiently amended the complaint to plead the "who" requirement of the false claims by alleging the individuals involved, exceeding the Court's stated requirement that "at a minimum identify them by title and/or job responsibility." Order, ECF No. 135 at 34:18-35:3 (citing cases). Further, these detailed allegations and mechanics of both the discriminatory billing and kickback schemes show the interplay between the Defendants, and thus conspiracy under the False Claims Act.

**B.      Defendants' cases are inapposite.**

In *United States ex rel Modglin v. DJO Glob. Inc.*, No. CV1207152MMMJCGX, 2014 WL 12564275 (C.D. Cal. Feb. 20, 2014), cited by Defendants, plaintiffs could not assert they stood a chance to prevail on the motion. *Id.* at *3 (". . . Nor does it argue that defendants are not likely to succeed on their motion to dismiss because plaintiffs have pled their allegations with sufficient specificity under Rule 9(b). Rather, plaintiffs focus on other reasons they believe the complaint adequately alleges an

FCA claim.").

In *East Bay Municipal Utility District v. Balfour Beatty Infrastructure, Inc.*, No. 13-CV-02032-WHO, 2013 WL 6698897 (N.D. Cal. Dec. 19, 2013) the court considered that some discovery had already been provided. *Id.* at *10 ("Qui Tam Plaintiffs have received discovery regarding the Vineyard Water Treatment plant project. That should be more than adequate to allow them to file a complaint with the necessary specificity if they can. The Court denies Qui Tam Plaintiffs' request that it compel Balfour Beatty to respond or produce documents in response to Qui Tam Plaintiffs interrogatories and discovery requests.")

In another case cited by Defendants, plaintiffs admitted they lacked sufficient facts to withstand a motion to dismiss. *See Periguerra v. Meridas Cap., Inc.*, No. C 09-4748 SBA, 2010 WL 395932, at *5 (N.D. Cal. Feb. 1, 2010) ("Plaintiffs contend that they lack sufficient information to plead the facts necessary to sustain a fraud claim, and assert, without citation to any authority, that they should be allowed to conduct limited discovery to obtain such information. However, Rule 9(b) does not permit a party to make conclusory allegations and then, through the discovery process, gain more specific information and amend its pleadings to satisfy the particularity requirement.").

None of these situations exist here and Defendants cannot show *both* factors of the Ninth Circuit test can be met.

### C. A blanket stay is not warranted and a Scheduling Conference will assist the Court and the Parties in determining what limited discovery should proceed.

Even if some pacing of discovery were warranted, a continued <u>blanket</u> stay of discovery, as requested by Defendants, is highly disfavored. *See In re Valence Techn'y Sec. Litig.*, 1994 WL 758688, at *2 (N.D. Cal. 1994) (citing *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)) ("[c]ourts have not looked favorably upon granting a blanket stay of discovery pending resolution of a challenge to the legal sufficiency of a plaintiff's complaint"); *Spearman v. I Play, Inc.*, 2018 WL 1382349, at *1 (E.D. Cal. 2018); *Salazar v. Honest Tea, Inc.*, 2015 WL 6537813, at *1 (E.D. Cal. 2015). A "defendant must make a clear showing of hardship or inequity to justify a blanket stay of discovery pending resolution of a challenge on the pleadings." *In re Valence Technology Securities Litigation*, 1994 WL 758688 at *2 (N.D. Cal. 1994).

RELATOR'S OPPOSITION TO DEFENDANTS' MOTION FOR CONTINUANCE OF SCHEDULING CONFERENCE; Case No. 1:17-cv-01757-JLT-SAB    5

If some delay of discovery is warranted in this case, the best way to determine which discovery should proceed, and which can await determination of the Motions to Dismiss, is via a Scheduling Conference with the Court.[1]  For example, as previously explained, if full discovery is not allowed, Relator would propose that the Parties at least:  (1) exchange Initial Disclosures; (2) commence written discovery; and (3) be allowed to take depositions solely under Fed. R. Civ. Proc. 30(b)(6) on issues of data, systems, and organizational structure, to allow an efficient and orderly discovery plan to be laid out.  This limited discovery would have minimal burden on the Parties.

## IV.   CONCLUSION

For these reasons, Relator respectfully requests that the Court deny Defendants' Motion for a Continuance of Scheduling Conference, and allow the Scheduling Conference, and <u>limited</u> discovery, to proceed.

Dated: August 9, 2022                                  **COTCHETT, PITRE & McCARTHY, LLP**

By:   */s/ Sarvenaz J. Fahimi*
        JUSTIN T. BERGER
        SARVENAZ "NAZY" J. FAHIMI

*Attorneys for Relator Thomas Turner*

---

[1] Additionally, as explained in Relator's prior opposition, further delay would be particularly unfair given that the government's investigation into this matter was cut short by the Court. *See* March 20, 2019 Order, ECF No. 13; Joint Notice of No Decision, ECF No. 17.  Since 2019, the United States and State of California could have continued with their under-seal investigation of the claims.  Instead, the case was forced into public litigation, yet Relator has been denied the opportunity to commence discovery. Defendants are the only beneficiaries of these circumstances, as memories will fade further, and evidence will grow more stale.

LAW OFFICES
COTCHETT, PITRE & MCCARTHY, LLP

**RELATOR'S OPPOSITION TO DEFENDANTS' MOTION FOR CONTINUANCE OF SCHEDULING CONFERENCE; Case No. 1:17-cv-01757-JLT-SAB**         6