# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA AND THE STATE OF CALIFORNIA *EX REL* THOMAS TURNER,<br><br>Plaintiffs,<br><br>v.<br><br>DYNAMIC MEDICAL SYSTEMS LLC, et al.,<br><br>Defendants. | Case No. 1:17-cv-01757-JLT-SAB<br><br>ORDER GRANTING MOTION TO CONTINUE SCHEDULING CONFERENCE AND STAY DISCOVERY<br><br>ORDER VACATING FEBRUARY 21, 2023 HEARING<br><br>(ECF Nos. 167, 168) |

**I.**

**INTRODUCTION**

Currently before the Court is Defendants' motion to continue the scheduling conference and stay of discovery. (ECF No. 168.) Plaintiffs did not timely file an opposition. Having considered the moving papers and the Court's file, the Court finds this matter suitable for decision without oral argument and the parties will not be required to appear on February 21, 2023. See Local Rule 230(g). For the reasons explained herein, the Court shall grant the motion for a continuance and discovery stay and continue the scheduling conference to August 8, 2023.

///

///

1

## II.

## BACKGROUND

Plaintiffs United States and State of California ex. Rel. Thomas A. Turner (collectively, "Plaintiffs") initiated this action against Defendants Dynamic Medical Systems, LLC; Joerns Healthcare, LLC; Covenant Care California, LLC; Mariner Healthcare Management Company; Plum Healthcare Group, LLC; and Cambridge Healthcare Services (collectively, "Defendants") pursuant to the Federal False Claims Act and California's False Claim Act, for presenting false claims and making or using false records or statements to obtain payment of approval of false claims, on December 28, 2017. (ECF No. 1.) The operative complaint alleges Defendants perpetrated a "swapping" scheme in violation of the Anti-Kickback Statute with respect to the provision of therapeutic support surfaces to different categories of patients and for engaging in "differential billing practices" for these patient categories in violation of Medi-Cal discriminatory billing provisions. (ECF No. 141.)

A mandatory scheduling conference was initially set for October 9, 2019. (ECF No. 21.) However, the Court continued the scheduling conference, pursuant to the parties' joint motion requesting a continuance in light of anticipated motions to dismiss. (ECF No. 45.)

On January 29, 2020, Defendants Dynamic Medical Systems, LLC; Joerns Healthcare, LLC; Cambridge Healthcare Systems; and Plum Healthcare Group, LLC filed motions to dismiss. (ECF Nos. 60, 64, 65, 67.) Plaintiff State of California also filed a "notice opposing dismissal" on May 28, 2020 (ECF No. 86), which Defendants moved to strike as untimely (ECF No. 95). In light of these pending motions, the Court continued the scheduling conference multiple times, *sua sponte* and pursuant to stipulation by the parties, unopposed motions, and motions brought by Defendants. (See ECF Nos. 45, 69–73, 84–87, 89, 101, 112–115, 116–117, 119–120, 121, 122, 124, 126–127, 132.) The Court also granted Defendants' motion to stay discovery until the scheduling conference. (ECF No. 89.) The stay on discovery has been extended concurrently with the continuances of the scheduling conference multiple times. (See, e.g., ECF Nos. 115, 120, 124, 132.)

On January 24, 2022, the Court issued an order granting in part and denying in part

Defendants' motions to dismiss the first amended complaint. (ECF No. 135.) Plaintiffs were ordered to file an amended complaint by February 21, 2022. On February 11, 2022, the parties filed a stipulated request to extend the time for Plaintiffs to file the amended complaint, submitted a proposed briefing schedule that anticipated a motion to dismiss, and requested the Court continue the scheduling conference to a date after the reply deadline of Defendants' anticipated motion. (ECF No. 137.) The Court granted this stipulated request and continued the scheduling conference to August 23, 2022. (ECF No. 138.)

On March 21, 2022, Plaintiffs filed the second amended complaint. (ECF No. 141.) Defendants filed motions to dismiss (ECF Nos. 142, 144, 145, 146, 148, 149), which have been fully briefed (see ECF Nos. 151–154, 157–160) and are currently pending before the District Judge.

On July 26, 2022, Defendants filed a motion to continue the scheduling conference, also seeking to renew and extend the stay of discovery until the Court holds the scheduling conference/after the Court issues an order resolving the pending motions to dismiss. (ECF No. 161; cf. ECF No. 161-1 at 3.) When ordered to file an opposition or statement of non-opposition to the motion, Plaintiffs filed an opposition to the motion. (See ECF Nos. 162, 163.) On August 15, 2022, the Court granted Defendants' motion and continued the scheduling conference and stay on discovery. (ECF No. 164.) Thereafter, Defendants filed an unopposed motion to continue the scheduling conference and stay on discovery, which this Court granted. (ECF Nos. 166, 167.)

Defendants' instant motion (ECF No. 168) seeks to continue the scheduling conference and stay on discovery and is premised on similar arguments previously addressed. The deadline to oppose the motion has now passed; Plaintiffs did not file an opposition to this motion, and their non-response is deemed to be a statement of non-opposition. Regardless, the Court has considered the merits of Defendants' motion and shall grant the requested relief for the reasons discussed herein.

## III.

## LEGAL STANDARD

To the extent Defendants' motion for continuance also seeks to stay discovery, it is construed

as a motion for protective order and addressed accordingly.

Federal Rule of Civil Procedure ("Rule") 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense." Fed. R. Civ. P. 26(b). It further states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

However, there are limits to these general discovery principles. Under Rule 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking the protective order has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004) (citation omitted). Further, the Ninth Circuit has found that a stay is appropriate where it "furthers the goal of efficiency for the court and litigants." See, e.g., Rutman Wine v. E. & J. Gallo Winery, 829 F.2d 729 (9th Cir. 1987) (stating, in the context of an antitrust action, that "[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery"). This coincides with the goal of Rule 1, which directs that the Federal Rules shall "be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

Ninth Circuit caselaw demonstrates a party may seek a protective order to stay discovery pending resolution of a potentially dispositive motion, such as a Rule 12(b)(6) motion to dismiss. See, e.g., Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6)). Nonetheless, the Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. Indeed, district courts look unfavorably upon such blanket stays of discovery. See, e.g., Skellercup Indus. Ltd. v. City of L.A., 163 F.R.D. 598, 600–01 (C.D. Cal. 1995) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.") (citation and quotation marks omitted). Therefore,

within the context of a pending motion to dismiss, a motion for a protective order seeking to preclude discovery must be supported by "good cause" and a "strong showing." See Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975); accord Skellercup Indus. Ltd., 163 F.R.D. at 600; In re Valence Tech. Sec. Litig., No. C 94–1542–SC, 1994 WL 758688, at *2 (N.D. Cal. Nov. 18, 1994); see also Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements."); Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test") (citation and quotation marks omitted).

Furthermore, the Ninth Circuit has held that under certain circumstances, a district court abuses its discretion if it prevents a party from conducting discovery relevant to a potentially dispositive motion. See Alaska Cargo Transp., Inc. v. Alaska R.R., Corp. (Alaska Cargo), 5 F.3d 378, 383 (9th Cir. 1993) (district court would have abused its discretion in staying discovery if the discovery was relevant to whether or not the court had subject matter jurisdiction); see also Quair v. Bega, No. CV F 02 5891 REC DLB, 2005 WL 552537, at *2 (E.D. Cal. Mar. 7, 2005) (denying a protective order is particularly appropriate if a stay of discovery could preclude either party from fully preparing for the pending dispositive motion) (citing Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 220 F.R.D. 349, 352 (N.D. Cal. 2003)).

While the Ninth Circuit has not announced a clear standard against which to evaluate a request or motion to stay discovery in the face of a pending, potentially dispositive motion, varying tests have been applied by the California district courts. One test considers: (1) whether the pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed; and (2) whether the pending, potentially dispositive motion can be decided absent additional discovery. Under this test, a protective order is appropriate where the moving party satisfies these two prongs, but discovery should proceed if either prong of the test is not met. District courts in California have applied variations of this test with frequency. See, e.g., Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc., Civ. No. S–10–1207 GEB GGH, 2011 WL 130228 (E.D. Cal. Jan. 14, 2011) ("peeking" at merits of underlying dispositive to determine

whether there was "no question . . . that the dispositive motion will prevail, and that therefore, discovery is a waste of effort."); Quest Commc'ns Corp. v. Herakles, LLC, No. 2:07-cv-00393-MCE-KJM, 2007 WL 2288299 (E.D. Cal. Aug. 8, 2007) (evaluating likelihood that leave to amend would be granted to determine whether underlying motion was truly dispositive); Seven Springs Ltd. P'ship v. Fox Cap. Mgmt. Corp., No. S-07-0142 LKK GGH, 2007 WL 1146607 (E.D. Cal. Apr. 19, 2007) (requiring defendant to show by clear and convincing evidence it would prevail on the merits of its dispositive motion in order to obtain a stay of discovery); but see GTE Wireless, Inc. v. Qualcomm, Inc., 192 F.R.D. 284 (S.D. Cal. 2000) (on reconsideration to district judge, magistrate judge's requirement that it be "immediately certain" or "foregone conclusion" that pending dispositive motion would be granted, when ruling on stay motion, was clear error); see also Hall v. Tilton, No. C 07–3233 RMW (PR), 2010 WL 539679 (N.D. Cal. Feb. 9, 2010) (applying cursory evaluation of dispositive nature of underlying motion); Pac. Lumber Co., 220 F.R.D. at 352 (evaluating scope and breadth of discovery requests, issues for which discovery was needed, and prejudice to nonmoving party).[1]  This is the test applied by the parties in the instant matter.  (See ECF No. 161-1 at 8; ECF No. 163 at 3.)

Regardless, district courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); Alaska Cargo, 5 F.3d at 383 (concluding granting a motion to stay discovery pending a motion to dismiss is within the Court's discretion); see also Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211–12 (9th Cir. 2002) (finding that the law gives district courts broad latitude to grant protective orders); Dichter-Mad Fam. Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam) (district courts may exercise broad discretion in managing discovery).

In sum, determining whether a stay of discovery pending the outcome of a dispositive motion

---

[1] Another test considers multiple factors on a case-by-case basis to determine the propriety of the requested discovery stay: (1) the type of motion and whether it is a challenge as to the "sufficiency" of the allegations or as a "matter of law"; (2) the nature and complexity of the action; (3) whether counterclaims and/or cross-claims have been interposed; (4) whether some or all of the defendants join in the request for a stay; (5) the posture or stage of the litigation; (6) the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and (7) any other relevant circumstances.  See Skellercup Indus. Ltd., 163 F.R.D. at 601 (quoting Hachette Distrib., Inc. v. Hudson Cnty. News Co., 136 F.R.D. 356, 358 (E.D.N.Y 1991)).

is warranted requires a case-by-case analysis because the inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case. The Court finds the aforementioned authorities instructive in evaluating the "good cause" requirement set forth under Rule 26(c)(1) as well as the goal of Rule 1 to "secure the just, speedy, and inexpensive determination of every action," and therefore bases its analysis on the factors most pertinent to the instant case, as follows.

## IV.

## DISCUSSION

### A. The Pending Motion is Potentially Dispositive of Plaintiff's Claims

As noted above, in evaluating whether a stay should issue, California district courts evaluate the dispositive nature of the underlying motion in various manners. Some courts, in taking a "peek" at the merits of the potentially dispositive motion, have conducted fairly in-depth analyses of the underlying motion, sometimes requiring the defendant to establish a strong likelihood of success on the merits in order to receive a stay of discovery. See, e.g., Cal. Sportfishing Prot. All., 2011 WL 130228; Quest Commc'ns, 2007 WL 2288299; Seven Springs, 2007 WL 1146607. However, with respect to the instant matter, it is the District Judge, and not this Court, who is responsible for resolving Defendants' underlying motions to dismiss. Accordingly, this Court's "peek" at the merits, while consistent with the general practice of courts in this District, is limited.

Based on its limited "peek" at the merits, the Court has determined that the underlying motions, if successful, would be fully dispositive of Plaintiffs' claims. That is, the motions to dismiss seek dismissal of the second amended complaint in its entirety. The last order partially-granting Defendants' motions to dismiss the first amended complaint found Plaintiffs failed to plead with sufficient particularity the false or fraudulent claim elements pursuant to Rule 9(b). (ECF No. 135.) The parties currently dispute whether the second amended complaint has cured this deficiency and this issue is addressed in the pending motions to dismiss. (ECF Nos. 142, 144, 145, 146.) If successful, Defendants' motions would be fully dispositive. Beyond this finding, this Court declines to conduct an in-depth review of the underlying merits of the motion presently

before the District Judge. To do so would be procedurally awkward and judicially inefficient. Rather, for purposes of determining the propriety of granting a stay of discovery pending resolution of the underlying motion, the Court finds it sufficient to note Defendants' colorable argument that, despite multiple iterations of the complaint, Plaintiffs continue to fail to satisfy the pleading standards and this may result in dismissal of the action in its entirety.[2] See Hall, 2010 WL 539679, at *2. In combination with the reasons to follow, this consideration supports granting a temporary stay of discovery.

### B. The Pending Dispositive Motion Can Be Decided Absent Discovery

Also relevant to the Court is the determination that the instant motions to dismiss speak purely to the sufficiency of Plaintiffs' allegations. See Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987) (holding district court did not abuse its discretion in denying discovery when the complaint did not raise factual issues requiring discovery to resolve). Plaintiffs did not file an opposition to Defendants' motion, and their non-response is deemed a statement of non-opposition. In any event, the Court concludes that Defendants' motions can be decided without the discovery sought by Plaintiffs.

### C. Good Cause/Prejudice

Finally, the Court also considers whether Defendants have met their burden to establish good cause exists to stay discovery by demonstrating harm or prejudice that will result from the discovery. Rivera, 364 F.3d at 1063. Plaintiffs have not timely opposed Defendants' motion and therefore raise no arguments with respect to any potential prejudice that may arise from the requested continuance. Further, the Court finds that allowing discovery at this time will result in undue burden and expense to the parties and the likelihood of discovery disputes due to the unsettled nature of the pleadings would result in a waste of judicial resources on the already overburdened caseload in this District. As Defendants note, even if the action is not fully dismissed, a partial grant of their motions would nevertheless result in an order requiring Plaintiffs to file an amended complaint and likely alter the scope of discovery; thus, a stay is appropriate in

---

[2] Again, the Court emphasizes that no pronouncement of this Court concerning the merits of the pending dispositive motions binds the District Judge in any way.

8

the instant matter because it "furthers the goal of efficiency for the court and litigants." Rutman Wine, 829 F.2d at 729; Fed. R. Civ. P. 1.  Indeed, the Court has granted prior requests to stay discovery in this matter on these same bases.

Conversely, the Court does not find sufficient prejudice to Plaintiffs will occur as a result of continuing the scheduling conference and the stay on discovery at this juncture.  The Court acknowledges the delay in development of this case.  However, this delay is partly due to all parties' various stipulated requests to extend deadlines, including Plaintiffs.  Further, the length of the delay in this action is also due to the judicial emergency that exists in this district, as the parties were advised in the February 2, 2020 Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California (ECF No. 68-1) and on numerous occasions thereafter.[3]  (See also ECF Nos. 125, 150, 165.)

For these reasons, the Court finds good cause exists to continue the scheduling conference and to stay discovery to allow the pending motions to dismiss to be decided.  However, should the motions to dismiss be denied and this matter become ripe for scheduling prior to the continued date, the parties may request that the scheduling conference be advanced, and/or the stay on discovery be lifted.

## V.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion for a continuance and stay of discovery (ECF No. 168) is GRANTED;
2. Discovery in this action continues to be STAYED until the Court holds a scheduling conference;
3. The Scheduling Conference set for February 21, 2023, is CONTINUED to **August 8, 2023**, at **1:30 p.m.**, in **Courtroom 9**;

---

[3] To that point, the Court reminds the parties that they may consent to magistrate jurisdiction for purposes of the pending motion to dismiss or for the entire action.  Indeed, the District Judge raised this point to the parties via minute order on October 12, 2022.  (ECF No. 165 (noting "it may be six or more months until the motion(s) in this matter is resolved" due to the ongoing judicial emergency, and ordering "**The parties SHALL reconsider magistrate judge consent for all purposes or only for this pending motion**.") (emphasis in original).)

1  4.  The parties shall file a joint scheduling conference statement **seven (7) days** prior to the scheduling conference; and

2  5.  The hearing on Defendants' motion for continuance set for February 21, 2023, is hereby VACATED.

IT IS SO ORDERED.

Dated: **February 13, 2023**

_____
UNITED STATES MAGISTRATE JUDGE